## *Ex parte* BENNETT and others.

Where a commissioner of common schools refused to pay over to the officer of a school district school moneys in his hands, which had been apportioned to the district, *held* that an appeal would lie to the superintendent of common schools.

And where the trustees of the district brought an action at law against the commissioner for such refusal, and obtained judgment for the money withheld, and the court certified, pursuant to the statute, (*Laws* 1841, *p.* 242, § 33,) that it appeared that the defendant had acted in good faith, *held* that the plaintiffs were not entitled to costs.

MOTION for a mandamus. H. Bennett, on behalf of himself and others, as relators, moved for a mandamus against the judges of the court of common pleas of Chenango county, to compel them, among other things, to restore the judgment for costs which was inserted in the judgment record in a cause in that court between the relators as plaintiffs, and R. B. Burch, defendant, which had been stricken out on motion. That action was commenced by the plaintiffs, as trustees of a school district in New Berlin, against Burch, who was one of the commissioners of common schools of that town, before a justice of the peace, to recover certain school moneys apportioned to their district, which the defendant had refused to pay. The defence set up was,

that the superintendent of common schools had made an order authorizing the commissioners to retain the school money apportioned to that district in their hands, to abide such order as he should thereafter make in the controversy which had arisen respecting the same. The plaintiffs recovered before the justice, and the defendant appealed to the common pleas, where there was a verdict and judgment in his favor, which this court reversed on error, on the ground that the order of the superintendent was void, it not appearing that there was any appeal pending before him. (*See* 1 *Denio,* 141.) A *venire de novo* having been awarded; a second trial was had in the common pleas, which resulted in a verdict for the plaintiffs for $86,92 damages. The court, after the trial, and after hearing counsel on the question, made a certificate pursuant to the statute, (*Laws* 1841, *p.* 242,) signed by the judges and entered in the minutes, to the effect that it appeared on the trial that the defendant had acted in good faith in refusing to pay the moneys in question to the plaintiffs. The plaintiffs, notwithstanding, taxed their costs and perfected judgment by filing a record for the foregoing amount of damages and costs ; and the common pleas, at a subsequent term, on motion of the defendant, ordered the award of costs to be stricken out of the record.

*By the Court,* JEWETT, J. By the revised statutes, (1 *R. S.* 484, § 90,) it is provided that " If the moneys apportioned to a district, by the commissioners of common schools, shall not have been paid, it shall be the duty of the trustees thereof, to bring a suit for the recovery of the same, with interest, against the commissioner in whose hands the same shall be, or to pursue such other remedy for the recovery thereof, as is or shall be given by law." Section 124 of the school act, (1 *R. S. 2d ed. p.* 481,) as that section stands amended by the act of 1830, enacts that "Any person conceiving himself aggrieved" (among other things) " *concerning any other matter under the present title,* may appeal to the superintendent of common schools, whose decision thereon shall be final."

Under this provision, it is plain, as I think, that the contro-

versy between the trustees of this district and Burch, one of the commissioners of common schools of New Berlin, in regard to the paying by the latter of the money in his hands to the former, was a matter which was the subject of an appeal to the superintendent of common schools. That provision was intended as a cheap and expeditious mode of settling most, if not all of the difficulties and disputes arising in the course of the execution of the law organizing and regulating common schools. (*Easton v. Calendar,* 11 *Wend.* 91.) By the following provision, the legislature has virtually declared, that where a party will forego that convenient method of adjusting such a controversy as the present, and resort to the ordinary courts, it shall be at his own expense as regards costs. " In any suit which shall hereafter be commenced against commissioners of common schools, or officers of school districts, for any act performed by virtue of, or under color of their offices, or for any refusal or omission to perform any duty enjoined by law, and which might have been the subject of an appeal to the superintendent, no costs shall be allowed to the plaintiff in cases where the *court shall certify that it appeared on the trial of the cause, that the defendants acted in good faith;* but this provision shall not extend to penalties, nor to suits or proceedings to enforce the decisions of the superintendent." (*Stat.* 1841, *p.* 242, § 33.) The action in this case was confessedly brought against the defendant for a refusal or omission to perform a duty enjoined on him by law, as a commissioner of common schools; and not for a penalty, or to enforce the decision of the superintendent; and the court certified that it appeared on the trial of the cause that the defendant acted in good faith. From these provisions of the statute, it seems to me to be obvious, that the plaintiffs were not entitled to recover any costs of the suit in the common pleas. Consequently, that court committed no error in ordering the judgment record to be corrected by striking out the clause adjudging costs against the defendants.

Motion denied.