GEORGE CLARKE, Appellant, v. GEORGE TUNNICLIFF
AND HENRY H. RATHBUN, Respondents.

*Costs—Statute in relation to School Trustees—Certificate of Good Faith.*

Where trustees of school districts are called upon to answer for acts done
by them in virtue, or under color of their offices, and it appears that they have
acted in good faith, they are entitled to a certificate of the Judge who tried the
cause, to that effect, that they may be exonerated from the payment of costs.

And when such certificate has been granted, it is error to tax such trustees
with the costs in such case.

APPEAL from an order of General Term of Sixth District
affirming order of Special Term.

The action was brought against the Defendants to recover dam-
ages for taking and converting a horse of the Plaintiff.   The De-
fendants attempted to justify by showing that they were trustees
of a school district; that a tax was voted by said district; that
as trustees they assessed such tax against the taxable inhabitants
of the district, and persons holding land therein, and made out
the proper tax-list, upon which assessment and tax-list the Plain-
tiff was assessed for a farm, owned and worked by him, as being
in said district; and that they annexed to the tax-list a warrant,
directed to the collector, who, by virtue thereof, after the Plain-
tiff refused to pay the tax, levied on, and sold the horse in ques-
tion, to satisfy a tax against the Plaintiff.   On the trial it was
held that the tax was unauthorized, and the Plaintiff had a ver-
dict for $291.04 damages.   Exceptions were taken upon the trial,
which were ordered to be heard, in the first instance, at the Gen-
eral Term, and a new trial was denied, with costs.

After the verdict the Defendants' attorney applied to the Judge,
who tried the case, for a certificate that it appeared upon the trial
that the Defendants had acted in good faith, &c. (2 R. S. 128,
§ 198, 5th ed.), which was subsequently, after the decision at
General Term, made by the Judge.   On the adjustment of the
Plaintiff's costs, they were taxed, including costs on motion for a

new trial, at $401.34; but the certificate of the Defendants' good faith being presented to the Clerk, he refused to insert them in the entry of judgment. The Plaintiff moved, at Special Term, for an order directing the Clerk to insert them, and the motion was denied.

The Plaintiff appealed to General Term, and the order was affirmed; and now he appeals to this Court.

*S. I. Burditt* for Appellant.

*D. C. Bates* for Respondents.

MILLER, J.—The recovery of the Plaintiff in this action was had by reason of the illegal proceedings of the Defendants as trustees of a school district, in assessing a tax upon the Plaintiff, and in collecting said tax by a sale of his property. Ordinarily, a recovery in such an action would entitle a Plaintiff to costs; and if the Defendants are now exonerated from the payment of costs, it is because they are exempted by section 146 of chap. 480 of the Laws of 1847, which provides that when officers of school districts are prosecuted for any act performed by virtue of, or under color of their offices, which might have been the subject of an appeal to the Superintendent, no costs shall be allowed to the Plaintiff, where the Court shall certify that it appeared upon the trial of the cause that the Defendants acted in good faith.

I think the Judge who tried this cause at the Circuit was warranted in granting a certificate, within the provision of the section of the act referred to, and that the Defendants were thereby relieved from the payment of costs. By section 82 of the act in question the trustees are required to call meetings, to make out a tax-list of every district-tax voted, and to annex a warrant to any such tax-list, directed to the collector, for the collection of the sum assessed. Another section (85) requires the trustees, in making out the tax-list, to apportion the tax among the taxable inhabitants of the district, and upon the real estate of non-residents liable to taxation. A subsequent section (132) authorizes an appeal by any person conceiving himself aggrieved in consequence of any decision made in certain cases, which are particu-

larly specified, " or concerning any other matter " arising under the act in question, to the Superintendent, who is authorized and required to examine and decide the same, and whose decision is final and conclusive.

The provision of the section last cited is broad and comprehensive in its terms, and evidently includes any and all acts which may possibly arise in regard to the official proceedings of these officers. It certainly embraces the acts of the Defendants in this case, in the assessment and collection of the tax against the Plaintiff.

The Legislature, no doubt, intended to prevent needless prosecutions, and unnecessary suits against officers of this character, who had acted in good faith in the discharge of their official duties, and, I think, provided an ample remedy for redress in the case before us, without resort to a Court of Law. The acts of the Defendants, for which they were held liable, were for assessing the tax, and instituting and carrying out the proceedings required by law for its enforcement and collection. This clearly was a decision concerning a matter within the letter, spirit, and meaning of the act in question, which it was especially intended to provide for, and the legality of which was litigated upon the trial. The injury to the Plaintiff arose in consequence of the decision of the trustees, that the Plaintiff was liable to be assessed, and the warrant of assessment issued by them. The levy made upon, and the sale of the Plaintiff's property was the result of the unlawful assessment made by the Defendants. Here was the original grievance for which a complete and perfect remedy was provided by an appeal, and which rendered the commencement of a suit a useless proceeding, nor does it alter the case because the Plaintiff was not a resident of the district. The statute does not exclude non-residents whose real estate is liable to tax, but expressly comprehends every person aggrieved.

It was enough that the Plaintiff was aggrieved by the decision of the Defendants to levy the tax, to bring him within the provision of the act, and that the whole question involved in the suit brought could have been appealed, heard and decided by the

Opinion by MILLER, J.

Superintendent, instead of being contested and adjudicated in an action in a Court of Justice. So long as the Defendants were acting as trustees of the school district, and were called upon to respond for acts done by virtue of, or under color of their office, and acted in good faith, they presented a case which entitled them to the certificate of the Judge who tried the case, and which exonerated them from the payment of costs (Ex parte Bennett, 3 Denio, 175).

It is insisted by the Plaintiff's counsel that § 304 of the Code allows costs of course to the Plaintiff, in a case like the one under consideration; that § 468 of the Code repeals all statutory provisions inconsistent with the Code, and that by means thereof § 146 of the act of 1847 is abrogated and repealed.

I think this view of the subject is not maintainable, and that the position assumed in the opinion of the General Term, that the scope of §§ 304, 305, and 306 of the Code is to distinguish between the cases in which costs are allowed of course, and those in which they are discretionary, and not to make their allowance peremptory in every case specified in § 304, and that the reason given for upholding it is a satisfactory and full answer to the ground taken by the Plaintiff's counsel. As was well said by the learned Judge who wrote the opinion: "The intent is manifest, that in the first class of cases costs are not left to the discretion of the Court, while in the latter class they are so left."

This intent is more apparent from the enactment in § 303, which abolishes the fee bill previously existing, and enacts that "there may be allowed" to the successful party "certain sums, by way of indemnity, for his expenses in the action," and afterwards distinguishes the cases in which the costs are allowed of course, and those in which they are discretionary.

It may be also observed, that although costs are allowed to the Plaintiff, under § 304, in cases of the same nature as the present one, and unless the Judge interposes and grants a certificate, yet the fact of granting the certificate is not in conflict with this enactment. The party recovers costs of course, unless their allow-

ance is stayed by the certificate, as provided; and this, I think, is only a mere modification of § 146 of the act of 1847, not inconsistent with the Code, and not repealed by § 468 of the Code.

The certificate of the Judge applies, I think, to all the costs in the case, and the Plaintiff is not entitled to his costs on this motion for a new trial. The exceptions taken upon the trial were first heard at General Term, by the order of the Court, and the motion for a new trial was only a continuation of the action, and not the institution of a new proceeding by the Defendants. The Defendants were merely pressing their defence originally interposed on the hearing at General Term, and the certificate of the Judge who tried the case was not given until after a decision had been made upon the exceptions. The denial of the motion for a new trial, " with costs," was the usual form of an order in such cases, and not an adjudication that the Plaintiff was entitled to costs, and which would preclude the Defendants from obtaining the certificate. The Plaintiff in such a case would be entitled to costs, as a matter of course, upon the decision, the same as he would upon a verdict at the Circuit, and therefore the form of the order was not inappropriate, but the granting of the certificate prevented the allowance of the costs, by the Clerk, upon taxation.

As the views expressed are against the Plaintiff upon the question raised, and necessarily lead to an affirmance of the order of the General Term, it is not necessary to discuss whether the order of the General Term was of such a character as to authorize an appeal to this Court.

Order appealed from affirmed.

JOEL TIFFANY,
State Reporter.