WILLEY, appellant, v. SHAVER *et al.*

*Costs, exemption of school officers from — certificate of good faith — allowance in order not conclusive.*

The legislature, by the provision of law exempting school officers from costs in certain actions against them, upon a certificate of the court that they acted in good faith (Laws 1864, chap. 555, title 13, § 6), intended to exempt them through all stages of the action.

Plaintiff brought action in a justice's court against the trustees of a school district for seizing certain property. A judgment was rendered in favor of plaintiff. The justice certified that defendants' act were done in bad faith. Defendants appealed to the county court, and upon a retrial judgment was rendered against them. The county judge certified at the trial that the act was done in good faith. After judgment, defendants moved for a new trial, which was denied, whereupon they appealed. The judgment was affirmed, with costs of appeal. After the affirmance the county judge, before whom the action was tried, gave a certificate that the appeal was in good faith.

Willey v. Shaver.

*Held,* that there was no provision of law for granting the certificate of bad faith. Neither was there any authority for the second certificate of good faith.

The certificate of good faith given at the trial, however, exempted defendants from costs, not only at the trial, but upon all subsequent proceedings in the action.

*Held,* also, that the allowance of costs of appeal by the order of affirmance, the right to such costs depending upon the statute and not upon the discretion of the court, did not preclude defendants from objecting to the insertion thereof in the judgment.

THE plaintiff brought this action in a justice's court to recover the value of his heifer from the defendants.

The heifer had been sold under a warrant issued by defendants as trustees of school district No. 13, of the town of Dryden, in the county of Tompkins. The plaintiff had a recovery before the justice.

The defendants brought an appeal from that judgment to the county court of Tompkins county, and the action was retried, with a jury, before the Hon. A. P. SMITH, county judge of Cortland county, holding the county court of Tompkins county.

Upon the retrial the plaintiff recovered a verdict, and the county judge gave the defendants a certificate, that the act complained of was done by the defendants as trustees of said school district, and in good faith.

The defendants made a motion before the same court to set aside the verdict, and for a new trial, which was denied, with ten dollars costs of the motion.

Thereupon judgment was entered for the plaintiff for the damages found by the jury, with the ten dollars costs.

From that judgment the defendants appealed to the supreme court, where the judgment was affirmed with costs.

The plaintiff's attorney requested the clerk of Tompkins county to insert in the judgment of affirmance plaintiff's costs of appeal (which had been properly adjusted), and the request was refused by reason of the said certificate.

The plaintiff then applied to this court for a mandamus to compel the clerk to insert said costs in the judgment, and the court refused the writ, upon the ground that a mandamus was not the appropriate remedy.

Plaintiff then moved this court, at special term, for an order allowing him costs of the appeal to the general term, which motion

was denied, and the plaintiff appeals from that order to the general term.

The justice before whom the action was tried made a certificate that the act complained of was done by defendants as trustees, etc., and in *bad faith*.

After the order of affirmance by the general term, county judge SMITH made a certificate of the good faith of defendants in their motion for a new trial in the county court, and in their appeal to the general term.

*Jerome Rowe* and *A. J. Parker*, for appellant.

*S. S. Montgomery* and *H. Ballard*, for respondents.

J. POTTER, J. This is an appeal from an order made at special term, upon a motion by plaintiff to be allowed his costs of appeal to the general term, and involves a decision of the question, whether the certificate of the good faith of the defendants, granted by county judge SMITH on the trial in county court, in doing the act complained of, exempts the defendants from liability for the costs of the appeal to the general term, where judgment was rendered against them.

It is plain the decision of that question must rest upon that certificate alone, and not at all upon the subsequent certificate given by county judge SMITH of the good faith of the defendant's appeal, or upon the certificate of the justice of the peace, of the bad faith of defendants in doing the act complained of.

The last certificate of Judge SMITH was not given upon the trial, nor while holding a court, and does not relate to the good faith of the act complained of, but to the good faith of the appeal.

There is no provision of law for granting a certificate of bad faith in this class of cases, and no occasion for such certificate; for, unless a school officer obtains a certificate of good faith, he will be subjected to the costs of an unsuccessful litigation, according to the general provisions of the Code, § 304, which allows, in actions of this character, costs to the prosecuting party.

It is provided by § 6, title 13, of chapter 555 of the Laws of 1864 (Code of Public Instruction), that "in any *action* against a school officer or officers * * * for any act performed by virtue of or under color of their offices * * * , and *which* might

have been the subject of an appeal to the superintendent, no costs shall be allowed to the plaintiff in cases where the court shall certify that it appeared on the trial that the defendants acted in *good faith.*"

It was assumed upon the argument of this appeal, and clearly appears from the papers and from subdivision 7, section 1, title 12 of that act, that the act or proceeding of defendants complained of might have been the subject of an appeal to the superintendent of public instruction.

It will not be necessary to devote any time or space to that subject; but assuming such to be the case, I shall simply consider whether the case contains the other requisites for the exemption of defendants from costs, with a judgment against them upon an appeal brought by themselves, notwithstanding § 304 of the Code.

The plaintiff's right to the costs of general term depends upon the answer to this question: Is the judgment of affirmance by the general term in the same action that was commenced by the plaintiff against the defendants before the justice, and tried in the county court in which the certificate was granted?

An action is a judicial proceeding which will, if prosecuted effectually, result in a judgment. *People* v. *County Judge of Rensselaer*, 13 How. Pr. 398; *People* v. *Colborne*, 20 id. 380.

It is instituted by the service of a summons, warrant, or the voluntary appearance of the parties and joining of issue in a justice's court; or by a summons in a court of record. 2 R. S. 227; Code, § 127. An action can only be commenced in these ways.

This action was commenced in a justice's court in one of these ways. It passed thence into the county court, and thence into this court, where the rights of the parties were determined by the judgment of this court.

No new or other process by which alone actions can be commenced was ever served. .

Its successive transfers to the different courts were effected by means of notices of appeal from the judgment entered in an action commenced by the service of process provided for the commencement of actions.

These notices of appeal are not permitted to be served upon the parties, but upon the attorneys who have appeared in the actions, and upon the clerk of the court in whose custody are the proceedings in the action, or in case of appeal from justice's court, the no-

tice of appeal is served upon the justice who has the record and proceedings in the action and upon the party, as no attorney is known in that court.

No new pleadings or issues are required upon the appeal. They remain the same as in the court where the action was commenced.

Section 326 of the Code, providing that the title of *the action* shall not be changed in consequence of the appeal, recognizes the principle that *the action* continues, and was intended to prevent the change in the relative position of the parties that was formerly practiced when reviews of judgments were effected through writs of error.

But one certificate can be given in the course of an action, and that must be based upon the facts as shown by the evidence upon the trial. No other facts than those proved upon the trial can be presented upon the appeal. No provision of law is made for the granting of a second or different certificate, or for its modification or revocation in any stage of the action subsequent to the trial.

The certificate only relates to the good faith of the school officers in the performance of the act which forms the subject of the action. It has no relation to the good faith of the parties in prosecuting or defending the action or in bringing or defending appeals in the course of the action.

If the act of the defendants complained of, was done in good faith, and so certified by the court upon the trial, *that* good faith is not changed or affected by the bringing of an appeal from the result of that trial, under the advice of mistaken counsel or the influence of bad motives. Neither the language nor the terms of the statute are consistent with a different construction of it.

The legislature, appreciating the importance of maintaining schools and the difficulties which trustees and other officers of school districts had to encounter and the consequent liability to expensive litigation, have exempted them from the general liability for costs in cases where they have acted in good faith, and have denied to the plaintiff in such cases the costs of the action, that incentive to litigation, even though he succeed.

To hold that such exemption from costs only applies to the costs in the trial court would tend to compel defendants, acting not for themselves but for the public good, to submit to the first decision, however unjust or erroneous, at the peril of having to pay costs for their efforts to obtain a correct decision.

I think it clear that the legislature intended to exempt defendants, school officers, who have acted in good faith, from costs throughout all the stages of the action.

This view, I think, is sustained by the case of *Clark* v. *Tunnicliff*, 38 N. Y. 58, and also in *ex parte Bennett*, 3 Denio, 175.

The former is like the case under consideration in its leading characteristics.

The action was against defendants, who were trustees of a school district, for taking and selling, under their warrant, the plaintiff's property for a tax. The plaintiff had a verdict, and the exceptions taken at the trial were heard and reviewed in the first instance at the general term, upon the motion of defendants.

It was there held, that the motion for a new trial was only a continuation of the action, and not the institution of a new proceeding by defendants. The defendants were merely pressing their defense originally interposed at the general term. So the defendants in the case at bar were merely pressing the defense originally interposed, when the case was brought to the general term by appeal. The action and the result are the same in the two cases. The only difference between them is in the mode of reaching the general term.

In *ex parte Bennett*, 3 Denio, 175, an action was brought in a court of a justice of the peace against a school commissioner to recover moneys in his hands. A recovery was had before the justice and the defendant appealed to the common pleas, where, upon a second trial, the plaintiff recovered a judgment. The defendant having obtained a certificate of good faith under a statute very similar to, if not the same, as the statute under which the certificate in this case was granted, was exempted from costs. See, also, *Johnson* v. *Yeomans*, 8 How. 140; *Traver* v. *Nichols*, 7 Wend. 434; *Fenno* v. *Dickinson*, 4 Denio, 84.

I am aware some dicta are to be found in the opinion of appellate courts in reviewing the judgment of inferior tribunals, brought up by writs of error or *certiorari*, that such cases were in the nature of new suits, but those remarks were made upon incidental questions of costs, etc., such as the right to claim a second retaining fee, or the right of the appellate court to dismiss, with costs, cases where the court in which the action was commenced, had not jurisdiction of the subject-matter of the action. Those cases came into the appellate courts through writs or processes issuing out of the appellate court, under its mandate, with its seal, etc., and which were

somewhat analogous to the processes by which actions were commenced.

But those writs are abolished, and the action is continued from court to court by notice of appeal. Code, § 323.

But the order of the general term was, that the judgment appealed from be affirmed with costs of the appeal.

That order was in the usual form, and without any consideration of the right to costs. The right to costs does not depend upon the direction of the court except in that class of cases where costs are discretionary, but is determined by the statute.

The question of costs as affected by the certificate was not before the court, and has not been adjudged by the general term of this court. It is now made for the first time in general term, and should be disposed of, as if the order of affirmance had been silent upon the subject of costs. *Clark* v. *Tunnicliff, supra; Ayers* v. *Western Railroad Co.,* 49 N. Y. 660; *Brockway* v. *Jewett,* 16 Barb. 590.

The order of the special term should be affirmed with ten dollars costs.

*Order affirmed.*