JOHN BAIRD, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

The question whether there are any relations between a referee appointed to hear and determine an action, and the plaintiff or his assignor, which render it improper for the referee to act, is one addressed to the discretion of the court, and its decision is not reviewable here.

A party by not appealing from an order of reference, and by proceeding with the trial of the reference without objection, will be deemed to have acquiesced in that mode of trial, and thereby waives any objection to the order; he cannot thereafter raise a question as to the power or jurisdiction of the referee, or claim that he was entitled to a jury trial.

The constitutional rights to a jury trial in civil cases may be waived, and

the waiver may be adjudged upon any evidence which would be sufficient to constitute a waiver of rights in other cases.

The clause in the State Constitution (Const. art. 1, § 2), declaring that "a jury trial may be waived * * * in the manner to be prescribed by law," does not preclude the court from holding that parties have waived their right to such a trial by their conduct or silence, although the case is not provided for by any statute.

(Argued June 18, 1878; decided September 17, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion to set aside an order of reference.

This action was brought to recover for a large number of gas meters alleged to have been sold and delivered by plaintiff's assignor, Jose F. Navarro, to defendant under a contract between them.

Plaintiff moved for a reference on affidavits, alleging that the trial would involve the examination of a long account; the motion was opposed by defendant on affidavits denying that any account was involved; the court granted the motion, no appeal was taken. The parties appeared before the referee, and defendant claimed to have the affirmative of the issues, and the right to open and close the case; the referee decided this question in favor of defendant. The trial then proceeded and on various adjourned days, during a period of two years and a-half, defendant's evidence was taken, after it rested a year was occupied in receiving plaintiff's evidence, when this motion to set aside the order of reference was made upon the ground of professional and confidential relations between the referee and the plaintiff, and his assignor, rendering it improper for the referee to continue to act, and on the ground that the order of reference was void, because the court had no jurisdiction to make it the cause not being a referable one.

*F. N. Bangs*, for appellant. An order of reference may be superseded or vacated after it has been acted upon and

during or after a trial. (*Livermore* v. *Bainbridge*, 44 How.
Pr., 359; *Brink* v. *Ins. Co.*, 2 T. & C., 550; *Levy* v. *B'klyn
F. Ins. Co.*, 25 Wend., 687; *Stebbins* v. *Brown*, 65 Barb.,
272; 52 id., 637.) Defendant was not barred by what it
had done or acquiesced in from complaining by motion of
the illegality of the order of reference. (2 T. & C., 550;
*Barker* v. *White*, 58 N. Y., 204; 57 id., 174; 3 Daley, 108;
9 Abb., 1; Code, § 266.) Defendant should have been
restored upon the facts presented to the enjoyment of its con-
stitutional right of trial by jury. (*In re N. Y. C., etc., R.
R. Co.*, 64 N. Y., 63.) The relations between the referee
and plaintiff, and the persons who stood behind him, dis-
qualified him from acting. (*Conkey* v. *Bond*, 36 N. Y., 430;
65 Barb., 272; *Edwards* v. *Russell*, 21 Wend., 64; *Foot* v.
*Morgan*, 1 Hill, 654; *Oakley* v. *Aspinwall*, 3 N. Y., 547;
*Stuart* v. *M. and F. Bk.*, 19 J. R., 501; *Wash. Ins. Co.* v.
*Price*, 1 Hopk., 1.)

*James Emott*, for respondent. The referee was not dis-
qualified from acting. (*Stebbins* v. *Brown*, 65 Barb., 272;
*Place* v. *Butternuts Co.*, 26 How. Pr., 601; *Jewett* v. *Albany
City Bk.*, Clarke's Ch. [2d ed.], 291.) The decision of the
Supreme Court was not reviewable here. (*Gray* v. *Fisk*,
53 N. Y., 630; *Livermore* v. *Bainbridge*, 56 id., 72.) The
application to vacate the order of reference presented simply
a question of jurisdiction. (*Kain* v. *Delano*, 11 Abb. [N. S.],
29; *Welsh* v. *Darragh*, 52 N. Y., 590; *Staples* v. *Fairchild*,
3 id., 46; *Skinnior* v. *Kelley*, 18 id., 355; *B. and S. L. R.
R. Co.* v. *Suprs.*, 48 id., 93.) Defendant having accepted
the order of reference by submitting to it without appeal,
and having proceeded with the trial for nearly three years,
will be deemed to have waived all objections and is estopped
from setting any up. (*Ubsdell* v. *Root*, 1 Hilt., 173; *Renouil*
v. *Harris*, 2 Sandf., 641; *Quinn* v. *Lloyd*, 7 Robt., 157;
*Van Hook* v. *Whitlock*, 26 Wend., 43; *Sherman* v. *McKeon*,
38 N. Y., 266; *Lee* v. *Tillotson*, 24 Wend., 337; *Van Hook*
v. *Whitlock*, 7 Paige, 373; S. C., 26 Wend., 43; *People* v.

*Murray*, 5 Hill, 468; *Baker* v. *Braman*, 6 id., 47; *Embury* v. *Conner*, 3 Comst., 511.)

ANDREWS, J. We think this order should be affirmed. The question whether there were any relations between the referee and the plaintiff, or his assignor, which rendered it improper for the referee to hear and decide the case, and called upon the court to vacate the order of reference was addressed to the discretion of the court below, and its decision is not reviewable here. We may say, however, in passing, that, in our judgment, there is not the slightest ground for the motion in this aspect. The other ground, upon which the motion to vacate the order of reference was made, viz. : that the cause was not referable, and that the court had no power or jurisdiction to grant the order, was properly overruled, for the reason that the defendant, by not appealing from the order and by proceeding with the trial of the reference, without objection and without raising any question as to the power or jurisdiction of the referee to try the case, or claiming that it was entitled to a jury trial, must be deemed to have acquiesced in this mode of trial, and waived any objection to the order of reference. If the order of reference was void, the defendant had a remedy by appeal, or it could have refused to appear on the reference, and, in that case, it would not have been bound by the judgment. But it took neither of these courses. It did not appeal from the order, but, on the contrary, availed itself of the order. It occupied the attention of the referee from time to time, during a period of two years and a-half, in submitting the evidence in its behalf, claiming, at the commencement of the trial, the affirmative of the issues on the pleadings, and the right to open and close the case, which the referee accorded. The taking of the plaintiff's evidence occupied another year. The testimony taken in the case, besides the exhibits, fills 1,500 printed pages.

The Constitution (§ 2, art. 1) secures the right to a jury trial in all cases where, before its adoption, this mode of

trial was used. But a party may waive a constitutional right, designed for his benefit, as he may a right acquired in any other way. This has been frequently adjudicated. (*People* v. *Murray*, 5 Hill, 468; *Baker* v. *Braman*, 6 id., 47; *Embury* v. *Conner*, 3 Comst., 511.)

The constitutional right, in civil cases, to a jury trial, is a private, individual right, and is no more sacred than other rights secured by constitutional guaranty, and I perceive no reason why it may not be waived in any mode, or that a waiver may not be adjudged upon any evidence which would be sufficient to constitute a waiver of rights in other cases. The clause in the Constitution, that the right to a jury trial in civil cases may be waived, in the manner to be prescribed by law, has not been regarded as precluding courts from holding parties to have waived by their conduct or silence, the right to a jury trial, upon general principles of law applicable to the subject, although the case is not provided for by any statute. (*Greason* v. *Keteltas*, 17 N. Y., 491; *Barlow* v. *Scott*, 24 id., 40; *West Point Iron Co.* v. *Reymert*, 45 id., 705.) In this case, the defendant permitted the trial to proceed, involving great expense to the plaintiff. It did not avail itself of the ordinary remedy by appeal to correct the alleged error of the court in granting the order, and, after years of delay, it, for the first time, questions its validity by motion to vacate it.

We think the defendant by its conduct and laches, under the circumstances, must be deemed to have consented to the mode of trial by reference, and that it cannot now raise the objection that the order of reference was unauthorized.

The order should be affirmed.

All concur except MILLER and EARL, JJ., absent.

Order affirmed.