THE ORLEANS COUNTY NATIONAL BANK, RESPONDENT, v BURRALL SPENCER, APPELLANT, IMPLEADED WITH OTHERS.

*Judgment by default — irregularity in — motion to vacate such judgment, denied because of laches — Right to enter judgment by default against one of several joint debtors.*

This action was brought against the defendants, Ezra Jones, Burrall Spencer, Samuel M. Spencer and Jarvis Lord, as joint payees and indorsers of a promisory note, discounted by the plaintiff. The summons and complaint were personally served on Jones, and on Burrall Spencer and Samuel M. Spencer on May 7, 1878, and on Lord sometime before May 29, 1879. Samuel M. Spencer served an answer alleging that his indorsement on the note was forged by Burrall Spencer. On May 29, 1878, judgment by default was entered against Jones and Burrall Spencer. The issue raised by Samuel M. Spencer's answer is still pending. Burrall Spencer had notice of the entry of the judgment against him on June 7, 1878, and subsequently used the judgment-roll for the purpose of establishing a defence interposed by him in an action of foreclosure, to which all the parties to this action were parties. On May 9, 1879, Burrall Spencer noticed a motion, to be heard May 27, 1879, to set aside the judgment against him for certain irregularities which were specified in his notice.

*Held,* that the court below, in its discretion, properly denied the motion, and that an order to that effect should be affirmed.

The power of the Supreme Court to allow a judgment to be entered against one joint debtor, on his failure to appear and answer, while an issue raised by the answer of another joint debtor is still pending, considered by HARDIN, J.

APPEAL by defendant, Burrall Spencer, from an order of the Munroe Special Term, denying a motion to set aside a judgment against said Burrall Spencer for certain irregularities specified, and for such "other and further relief as may be proper in the premises."

The action was brought against Ezra Jones, Burrall Spencer, Samuel M. Spencer and Jarvis Lord. The summons and com-

plaint were served on Ezra Jones, Burrall Spencer and Samuel M. Spencer on the 7th day of May, 1878, personally.

The papers do not show at what date Jarvis Lord, another defendant in the summons named, was served, though they do show that subsequent to the 29th of May, 1879, a judgment was entered against said Lord. On the 29th of May, 1878, a judgment was entered in Orleans county clerk's office against Ezra Jones and Burrall Spencer for the sum claimed in the summons and complaint, and for costs, their default being duly proven by affidavit. Samuel M. Spencer interposed an answer.

The complaint stated that the four persons named were joint payees and indorsers of a note made by the Rochester Iron Manufacturing Company ; that it was discounted and owned by plaintiff, and that the payment of it at maturity was demanded and refused, and the indorsers duly notified and charged, etc., "and that the said note remained wholly unpaid, except the sum of ninety dollars paid thereon November thirteenth." A notice of motion to set aside the judgment was made by Burrall Spencer, it was dated May 9, 1879, and given for a Special Term appointed to be held May 27, 1879. It appeared that the moving attorney obtained a certified copy of the judgment from the Orleans county clerk 7th of June, 1878, and that Burrall Spencer had knowledge of the judgment from after that time, and that the judgment-roll was used by him to sustain a defence interposed by him in an action of foreclosure, to which action the parties herein were parties.

It appeared by an affidavit made May 26, 1879, that the answer of S. M. Spencer set up that his indorsement on said note was forged by Burrall Spencer, and that such issue was pending at that time, undetermined.

The moving papers contained no affidavit of merits, or suggestion of a defence upon the merits, in behalf of Burrall Spencer.

*O. O. Cottle*, for the appellant. The plaintiff was not entitled to a judgment against any of the defendants until the issue joined was disposed of. (*Niles* v. *Battershall*, 2 Robt., 146; *Sager* v. *Nichols*, 1 Daly, 1; *Fullerton* v. *Taylor*, 6 How., 259; 2 Burr. Pr., 46 [2d ed.]; *Miller* v. *McCagg*, 4 Hill, 35; 1 Burr. Pr., 372;

3 Wait's Pr., 597; Old Code, §§ 136, 274; New Code, §§ 448, 457, 1205.) The right sought to be protected by the motion is matter of substance and not simply one of form and practice. The defendants, against whom judgment has been entered, are deprived of their right to call upon their co-defendants for their *pro rata* share of the joint liability. (*Niles* v. *Battershall*, 2 Robt., 149; *Nelson* v. *Bostwick*, 5 Hill, 37, 41.) Delay in making a motion is not a bar in a case like this, involving matters of substance and of right. (*Hallett* v. *Righters*, 13 How., 46; *Manuf. and Merch. Bank* v. *Boyd*, 3 Denio, 258; *Dederick's Adms.* v. *Richley*, 19 Wend., 108, 113; *Note C,* in Bliss' New Code, 846.) The defect complained of is not amendable for the reason that the plaintiff is not now, and has not at any time had any right to judgment. The judgment is wholly unwarranted and void. (*Winnebrenner* v. *Edgerton*, 30 Barb., 185; *Dederick's Admr.* v. *Richley*, 19 Wend., 108.)

*Cogswell & Perkins*, for the respondent.

HARDIN, J.:

By *laches* the defendant lost all right to have the judgment set aside for irregularity.

Motions for irregularity must be made promptly. In this case there was a delay of nearly a year.

In *Bacon* v. *Comstock* (11 How., 198), HARRIS, J., refused to set aside a judgment on a motion of a defendant, a joint debtor, as too late when there had been about the same delay. Nor can the judgment be " impaired or affected by reason of * * * an *informality* in entering judgment or making up the roll." (Civil Code, § 721, as amended by chapter 542 of the Laws of 1879.) The same section provides, " that a judgment shall not be affected or impaired by reason of * * * any other default or negligence of the clerk, or any other officer of the court, or of a *party*, his attorney or counsel, by which the *adverse party has not been prejudiced.*"

Has there been any " omissions or defects" in the proceedings by which Burrall Spencer has been prejudiced ?

By omitting to deny the allegations of the complaint, by suffering a default, he has admitted that he is indebted as in the com-

plaint stated. He has admitted that all four of the persons named in the complaint are indebted to the plaintiff in the amount and as therein stated.

True, he admits that they are jointly indebted, but that does not make him any the less indebted. He also admits, so far as it is in his power to admit, that the plaintiff is entitled to a judgment against him, against the four named in the complaint.

With these admissions before us, how are we shown that he is prejudiced by a judgment which, so far as he is concerned, declares the truth of his admissions?

If he was a joint principal debtor and voluntarily paid the note, would he not be entitled to contribution from the other principals named in his contract of indorsement? If the judgment stands and he pays it, will he not, if he is a joint principal, be entitled to contribution from his associate principals?

If he was an accommodation surety or indorser, and he paid the note voluntarily, would he not be entitled to call for contribution upon his co-sureties or indorsers? If the judgment stands and he pays it, will he not have the like right to call for contribution from his co-indorsers? (*Barry* v. *Ransom*, 2 Kernan, 462; *Tobias* v. *Rogers*, 13 N. Y., 59.)

Suppose the indorsement of S. M. Spencer *was forged* by B. Spencer, as the answer of S. M. Spencer alleges, and a judgment entered after that *fact was determined* by a trial upon the issue made by S. M. Spencer's answer, would a judgment then entered be any the less effectual against B. Spencer than the one already entered against him? If that be so, how has B. Spencer been prejudiced by the entry of the judgment now standing upon the default of B. Spencer.

But passing over the question as to whether B. Spencer was prejudiced by the judgment, we come to consider *the power of the court* to enter such a judgment.

The Supreme Court exists in virtue of, and derives its jurisdiction largely from the constitution of the State.

Section 6 of article 6 is as follows:

" There shall be the existing Supreme Court *with general* jurisdiction in law and equity, subject to such appellate jurisdiction of the Court of Appeals as now is, or may be prescribed by law."

By the personal service of the summons and complaint as aforesaid, the Supreme Court obtained jurisdiction of the person and of the subject matter ; and having such jurisdiction, could it not pronounce its judgment upon the defendants named in the judgment, upon *their default.*

Does not the *power* exist to give judgment upon the admissions or defaults, irrespective of the rules of practice or statute regulating practice in certain cases ?    We speak now of the *naked power* of the court, and exclude all consideration of regularity in proceedings, and all mere formalities relating to " entering judgment."

We have been referred by the learned counsel for the appellant to *Nelson* v. *Bostwick* (5 Hill, 37).    That was an action on a joint bond given, to secure costs in a suit, by Shumway, who was principal, and by Nelson who, in fact, was surety, though a joint obligor.

There is a *dictum* of BRONSON, J., to the effect that the entry of judgment against Nelson alone, although Shumway was not served, was erroneous, as it did not comply with section 1 of 2 R. S., 377, which provides for a judgment in form against all joint contractors, when some only are served, and for an indorsement upon the execution of the fact that some were not served.

BRONSON, J., remarks, that " this is not a mere formal defect which may be overlooked on a *writ of error.* It is a matter of substance.    It changes the form of the execution and may prejudice Nelson in the collection of the money."    " Until the record is amended no execution can issue against Shumway."

Judge COWEN also delivered an opinion in the case, and in speaking of the judgment says : " The judgment moreover is *formally* erroneous in dropping the name of Shumway, who was sued with Nelson though the former was not served with process. But the defect is amendable, and the defendants in error might amend it on payment of costs were it not for the substantial defects."

These conflicting views of those two learned judges were not passed upon in making the judgment pronounced, as the entire court united in holding that the declaration was fatally defective for not assigning a breach of the bond.

We are also referred to *Niles* v. *Battershall* (2 Robt. R., 146), which was an action for an attorney's services against four, and only one appeared and defended, and the joint liability was found by the referee, and a separate judgment order against the defending defendant alone, *and upon appeal* it was held that the judgment was irregular and erroneous and it was reversed, *as there was no leave* of the court to enter such a judgment. (Code of Procedure, § 136.)

It is well settled that in an action against persons alleged to be jointly liable, if some turn out not to be liable, a judgment may be entered in favor of the plaintiff as to those found to be liable, and against the plaintiff as to those found not to be liable. (*Parker* v. *Jackson,* 16 Barb., 33.)

In *Brunskull* v. *James* (1 Kern., 294), it was so held when the action was a joint one against two defendants, and the wife was discharged by reason of coverture established upon the trial. To the same effect is *Claflin* v. *Butterly* (5 Duer, 328), and *Harrington* v. *Higham* (15 Barb., 524).

Under this rule, should the defence of forgery of the name of S. M. Spencer be established, the plaintiff would have an absolute right to judgment against the other defendants, who have suffered default. The rule was otherwise at common law in cases where the defendants appeared and answered on the merits. (Graham's Pr. [ed. of 1832], 632; *Weall* v. *King et al.,* 12 East, 453.) In this last case cited the plaintiff was *nonsuited* because he established the liability of only one of the defendants; and under the former practice, after a failure to plead, a rule for the defendant's default might be entered in a common rule book, and after four days from entry of the default a rule for judgment might be entered.

The rule was final or interlocutory; in debt on bond it was final, and the judgment was entered as of course. But in cases where there was to be an assessment, if one defendant was in default and the other answered, the assessment was before the same jury, so that the damages against the party suffering a default and the one defending might be the same, and a prior assessment upon the default of one joint debtor was held to be *irregular,* and set aside on motion for that reason. (*Griswold* v. *Stoughton,* 1 Caines, 6; *Van Schaick* v. *Trotter,* 6 Cow., 600.)

Before the issue could be tried in cases where damages were to be assessed, it could not be done before an interlocutory judgment had been regularly entered against the defendant who neglected to plead. (*Hart* v. *De Lord*, 17 Johns., 270; *Van Schaick* v. *Trotter*, 6 Cow., 600.)

The validity of a judgment by confession of one joint debtor has long since been determined, so far as the *party* confessing is concerned, and such confession binds his property or his interest in the joint property. (*Crane* v. *French*, 1 Wend., 311; *Grazebrook* v. *McCreedie*, 9 id., 437; *Stingtenburgh* v. *Van Denburgh*, 7 How., 231; *Bridenbecker* v. *Mason*, 16 id., 204; *Lambert* v. *Converse*, 22 id., 265.)

And it has been settled that where a judgment is taken by confession the Supreme Court has the same jurisdiction and power over its judgments as in actions pending, and may therefore order amendments of defective statements made upon confession. (*Mitchell* v. *Van Buren*, 27 N. Y., 300; *Union Bank* v. *Bush*, 36 id., 631.)

The last case cited also holds that the determinations of the Supreme Court in such matters are not reviewable on appeal to the Court of Appeals. (*Union Bank* v. *Bush* [*supra*], 635.)

Since the decision of the cases quoted *supra* the Legislature has made an important change in the law in respect to judgments taken by confession from one or more joint debtors.

Section 1278 of the Code of Civil Procedure is as follows, viz.: "§ 1278. One or more joint debtors *may* confess a judgment for a *joint debt* due, or to become due; *where all* the joint debtors do not unite in the confession *the judgment must* be *entered* and *enforced against those* only who confess it, *and it is not a bar to an action against all the joint debtors upon the same demand.*"

From this section we see that one joint debtor is now expressly authorized to confess a judgment to be entered against him alone, and the law expressly declares it *shall* not be a bar to a joint action. We express no opinion upon the effect of the judgment before us, upon the question of whether it would be a bar to an action against all, or if set up in a supplementary answer by S. M. Spencer a bar to any further proceedings or judgment against him.

It may be urged that a party, by confessing, waived his right to have a joint judgment against all his co-joint contractors, and that the statute expressly provides that confession may be made; and, therefore, it cannot be allowed, that a separate judgment stand, taken otherwise than by an express confession. (Code of Civil Procedure, §§ 1273, 1274.)

But a party may waive a constitutional or statutory right not only in the mode prescribed in the statute, but by other acts or modes than those enumerated in the statute as to waivers or consents.

Though the statute provides that a jury trial may be waived by " written consent," by oral consent, in open court, or by failure to appear, the Court of Appeals have recently determined that he may waive that constitutional and sacred right in other modes, and by other acts than those specifically enumerated in the statute upon that subject. His conduct and silence and delay may accomplish the waiver. (*Baird* v. *Mayor, etc.,* 74 N. Y., 382; *Wheelock* v. *Lee,* 74 id., 495.)

In the case in hand we find that the defendant, Burrill Spencer, derived knowledge of the entry of the judgment in question as early as the 7th of June, 1878, and that he *slumbered* upon his privileges to move to set it aside for more than eleven months.

And, furthermore, that he obtained a copy of the judgment record and used it to affect rights in other litigations, between himself and the parties in this action.

Having by his laches waived the irregularities and by his delay and inaction suffered the judgment to stand for more than eleven months, may we not treat his consent or acquiescence in the judgment as equivalent to a confession of judgment or a consent that the judgment stand, with the like force and effect as against him, as would a judgment entered upon his express confession.

The learned counsel for the appellant insists that this judgment was " without jurisdiction and void," and refers us to the case of *The People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559); and *Ex parte Lange* (18 Wall., 163). In those cases the judgment imposed sentences in criminal cases, which were not merely erroneous " but such as could not, under any circumstances, or upon any state of facts have been pronounced."

*In re Lange* it was held that, having once been fined and paid, he could not again be put in jeopardy and fined for the same offence.

We do not think that the principles there stated, aid the defendant upon his motion in this civil action to be relieved of a judgment which was suffered by a default to be entered and allowed to stand for nearly a year, for not one dollar more than appeared by the complaint and the admission thereof by default, and by the absence of all suggestion in an affidavit of merits or otherwise to be justly due to the plaintiff.

Our conclusion is, that the Special Term in its discretion properly refused to set aside the judgment against B. Spencer, and we therefore affirm the order, with ten dollars costs and disbursements.

TALCOTT, P. J., concurred, and SMITH, J., concurred in the result.

Order appealed from affirmed with ten dollars costs and disbursements.