THE PEOPLE OF THE STATE OF NEW YORK EX REL. HIRAM M. YALE, RESPONDENT, v. SOMERS ECKLER, SOLE TRUSTEE OF SCHOOL DISTRICT No. 3 OF THE TOWN OF PITTSFORD, APPELLANT.

*Superintendent of public instruction — when appeal lies to — decision of, conclusive — 1864, chap. 555, title 12, § 1 — as to whether it deprives a party of the right of trial by jury — waiver of right — Constitution, art. 1, § 2.*

Upon the trial of an issue raised by a return to an alternative *mandamus* requiring the respondent to show cause why he should not pay to the relator the amount alleged to be due to him as wages, for services rendered as a teacher, the respondent, the sole trustee of the school district, offered to prove that the contract of hiring was procured by the relator by a corrupt and illegal agreement made with a former trustee, and that false representations were made by the relator as to his certificate and as to other facts. It appeared that the relator had been engaged to teach for twenty weeks, but had been discharged before the expiration of that time; that he had sued a predecessor of the respondent in the county court, and been nonsuited; that thereafter he had appealed from the refusal of the trustee to pay him his wages to the superintendent of public instruction, who had reversed the decision of the trustee and directed him to pay the relator the amount he had claimed to be due for wages.

*Held,* that the nonsuit in the county court did not bar further proceedings.

That the refusal of the trustee to pay the relator his wages was a "decision" within section 1 of title 12 of chapter 555 of 1864, and that the relator was entitled to appeal therefrom to the superintendent of public instruction.

That the decision of the superintendent in favor of the relator was final and conclusive.

That the trustee waived any right he might have to a trial of the question by a jury, by answering the appeal and submitting the case without objection to the superintendent.

*Quære,* as to whether the act authorizing an appeal to the superintendent of public instruction is unconstitutional, as depriving the school district of the right to have the questions involved tried by a jury.

The superintendent of public instruction may, on deciding on an appeal in favor of the claimant, direct the trustee of the school district, if he has not sufficient money on hand to pay the claim, to issue a tax-list and a warrant to collect an amount sufficient so to do.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed at the circuit.

An alternative mandamus was issued requiring the defendant to pay $250 upon a contract made with the relator by James W.

Stiles, who was the trustee of the school district No. 3. of the town of Pittsford, October 11, 1876, where the said contract for the services of the relator as a teacher was made.

After the return by the defendant, and the plea or reply of the relator thereto, the issues were brought to a trial at a circuit in Monroe county, and at the close of the evidence the court directed a verdict for the plaintiff, and from the judgment entered on such verdict in favor of the plaintiff the defendant brought this appeal.

The respondent alleged in his return that, on the .11th day of October, 1876, the relator, Hiram M. Yale, made a corrupt and illegal bargain with one James W. Stiles, that he would elect said Stiles as trustee of the district, if said Stiles would hire him to teach the school. That in pursuance of that unlawful agreement, the said Yale did procure the said Stiles to be elected trustee, and that Stiles subsequently made a contract hiring the relator as a teacher for twenty weeks.

That in point of moral character and mental education the relator was not fit to teach that or any other school. That subsequently Stiles refused to allow the relator to teach the school.

That in April, 1877, Yale brought an action against John Huscher, the then trustee, for a breach of that contract, in the Monroe County Court, which resulted in a judgment for the defendant; which judgment was set up as a bar to this action.

The original record from the county court was brought before the court on the argument, and an inspection of it showed a nonsuit.

Afterwards the relator applied to the trustee for his pay, and not getting it appealed to the superintendent of public instruction, who reversed the decision of the trustee and directed him to pay the relator the amount he had claimed.

Upon the trial the defendant offered evidence for the purpose of establishing : (1.) That the contract of hiring the relator was illegal and corrupt, and was procured as a consideration for services in promoting the election of Stiles as trustee. (2.) That it was a fraudulent and void contract. (3.) That there was false representations made by the relator as to the character of his certificate, and such other facts as were stated in the return.

" The court excluded any proof on the part of the respondent
(defendant), except proof that the superintendent did not pass
upon the question submitted to him and decide it ;" held the
exemplification of the papers and decision in the appeal from the
department of public instruction to be proof of all the facts con-
tained in it, and that the only question in the case was whether
or not the superintendent had made the decision claimed."

The defendant excepted to the ruling.

*John Van Voorhis,* for the appellant.

*E. A. McMath,* for the respondent.

HARDIN, J. :

By section 1 of title 12 of the " act to revise and consolidate
the general acts relating to Public Instruction, passed in 1864
(chap. 555, p. 1284), it was provided that appeals might be taken
to the superintendent of public institutions.

We quote from the section, viz. : " Section 1. Any person
conceiving himself aggrieved in consequence of any *decision*
made * * * 'by the trustees of any district in *paying*
*or refusing to pay* any teacher' * * * by any other official
act or decision concerning any other matter under this act or any
other act pertaining to common schools, *may* appeal to the super-
intendent of public instruction, who is hereby authorized and
required to *examine* and *decide* the same. ' And his decision
shall be final and conclusive, and not subject to question or review
in any place or court whatever."

When Stiles refused to pay the relator the wages due him
under the contract, the teacher had a right to appeal if his case
came within the terms of the act.

(1.) He was a " person considering himself aggrieved in conse-
quence " of the decision made by the trustee not to pay. The
trustee was acting *officially,* and his conclusion not to pay was
within the words " *decision made,*" as used in the statute.

(2.) The relator was a teacher, and he had taught in the dis-
trict, and demanded his pay ; and when the trustee refused to pay
he made a " decision " by refusing to pay a teacher, and thus

came within the express terms of subdivision 4 of section 1 referred to *supra*.

But it is insisted that because he had not taught the whole time, that the whole of his claim could not be called "teacher's wages." For the purpose of availing of the provision in respect to appeals, we think it would be sufficient that he had a claim to some extent for teacher's wages.

However, for the present, let us look at the relator's case, so far as it is necessary to dispose of the objection raised, as to whether it was within the provision quoted. Assuming for the moment that he was hired, as the written contract states, 'for twenty weeks, and that he had the proper certificates, the trustee could not discharge him except for cause or with his consent. (*Finch* v. *Cleveland*, 10 Barb., 297.) If he was thus dismissed he could, upon making reasonable effort to find employment elsewhere and holding himself in readiness to perform, at the expiration of the twenty weeks justly claim that the contract on his part had been kept, and that he therefore was entitled to wages for the whole term of his employment.

His claim, therefore, which the trustee refused to pay was for " teachers wages," and the statute as to appeals in terms applied. (Sec. 1, title 12, sub. 4, chap. 555, p. 1284 of Laws of 1864; Laws of 1830, chap. 320, sub. 2 of sec. 7, amending sec. 110 of title 2, chap. 15, part 1 of the Revised Statutes (1 R. S., p. 487).

We come now to consider the effect of the appeal and the decision thereon.

The record brought into this case from the superintendent's office (and filed also with the clerk of the school district), shows that the trustee made answer to the appeal and set up various matters upon the merits, which matters were offered to be proven also at the circuit. It also appears that evidence was submitted to the superintendent, and that, thereupon, he made his decision on the 7th day of October, 1878. The appellant insists that the decision is not valid and conclusive, " because the trustees had a right to a trial by jury of the relator's claim." He refers us to section 2 of article 1 of the Constitution of 1846, which provides, that " the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," but a jury trial

THE PEOPLE ex rel. YALE v. ECKLER. 613

Fourth Department, January Term, 1880.

may be waived *by the parties* in all civil cases in the manner to be prescribed by law."

If the defendant had raised the question timely, it might have been necessary to consider and determine whether the statute under consideration could be so construed as to compel a party to submit to the decision of the superintendent; and, secondly, whether that officer would be authorized to overrule a demand for a jury trial, though such right of appeal, review and decision have been exercised ever since the Constitution of 1821, in one form and another, under various statutes, and been assumed to be valid. (*Storm* v. *Odell*, 2 Wend., 287; *Easton* v. *Calender*, 11 Wend., 95 [Nelson, J.]; *Ex parte Bennett*, 3 Denio, 175; *Clarke* v. *Tunnicliff*, 38 N. Y., 58; *Willey* v. *Shaver*, 1 Thomp. & Cook, 324; *Rawson* v. *Van Riper*, id., 370; *Baird* v. *Mayor*, 74 N. Y., 386.)

Whether the act is in any aspect or in any case unconstitutional need not be considered in this case, and should not be as it is not necessarily involved. (*Frees* v. *Ford*, 2 Seld., 176; *People* v. *Supervisors N. Y.*, 34 How., 383.)

But, in the case before us, we have the appearance and answer to the appeal, and the voluntary submission of the question embraced in the appeal to the superintendent and his decision thereon after such submission. In the *People* v. *Murray* (5 Hill, 468), it was held a party might waive his right to have damages assessed by a jury, and be bound by a certificate of a magistrate. It is well understood that a party may waive the right to trial by jury in all civil proceedings, as well as other constitutional or statutory provisions designed for his protection. (*Embury* v. *Conner*, 3 Comst., 511; *Greason* v. *Keteltas*, 17 N. Y., 498; *Barlow* v. *Scott*, 24 id., 40, 46; *West Point Iron Co.* v. *Reymert*, 45 id., 703; *People* v. *A. and S. R. R. Co.*, 57 id., 174.) And the latest case in the Court of Appeals is to the effect that such waiver may be inferred from the silence, act or conduct of a party. (*Baird* v. *Mayor*, 74 N. Y., 386.)

It is held in the case last cited that when a party had omitted to appeal from an order of reference improperly made, and when the party proceeded before the referee and evidence was given and the case submitted and a decision made, that it was too late

to raise the question of constitutional right to a trial by jury. See also *People ex rel. Murray* v. *Justices* (74 N. Y., 406), where it is stated that the right to a trial by jury in certain criminal cases may be waived. *Non constat,* but that an objection to a trial upon the appeal before the superintendent of public instruction would have been availing and saved the right of trial by jury to the defendant's district, if it was entitled to it.

But the district acquiesced in the jurisdiction of the superintendent claimed by the party appealing, and submitted its case to him for decision, and that is fatal to the objection now taken. The statute *declares* his decision shall be final and conclusive.

So far as we can see by the record before us the defendant's district had a full opportunity to be and was heard upon the merits, and we must give effect to the decision by following the statute, which not only declares that "decision shall be final and conclusive," but adds that the decision shall not be "subject to question or review in any place or court whatever." We must obey the statute and refuse to review upon the merits the decision made by the superintendent. (Sub. 7 of sec. 1 of title 12, *supra.*)

The decision of the superintendent was, viz.: "Ordered to pay, without unnecessary delay, to the appellant, from any money applicable to the payment of teachers' wages belonging to said district and remaining in the supervisors hands, the sum claimed in this appeal ($250), and if the amount so remaining is insufficient, then to issue a tax-list and warrant for an amount sufficient to pay," etc. (*McCullough* v. *Mayor,* 23 Wend., 459; *People* v. *Suprs. Chenango,* 1 Kern., 573.)

Section 13, subdivision 11 and subdivision 14 of the Laws of 1867, (chap. 406) the act amending the act of 1864, seem to contain provisions which authorize the trustee to comply with the order made by the superintendent, and we see no reason why the school district should not comply with the decision of the superintendent, which we conclude is "final and conclusive." (*Finch* v. *Cleveland,* 10 Barb., 294.)

We must affirm the judgment, with costs.

If the defendant shall obtain a certificate under section 6 of title 13 of chap. 555, Laws of 1864 (p. 1286), the award of

costs will be unavailing to the plaintiff. (*Ex parte Bennett*, 3 Denio, 175; *Willey* v. *Shaver*, 1 Sup. Ct. Rep. [T. & C.], 324; *Rawson* v. *Van Riper*, id., 370; *Clarke* v. *Tunnicliff*, 38 N. Y., 61.)

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed, with costs.