EDWARD N. JOHNSTON and ROBERT C. CUTTING, Appellants, v. CHARLES S. PAYSON and Others, Respondents.

FINCH, P. J. (dissenting). The plaintiffs appeal from two orders, one denying motion of the plaintiffs to compel acceptance by the defendants of their cross-notice of trial accompanied by a demand for trial by jury, the other granting motion of the defendants to vacate the demand of the plaintiffs for trial by jury and removing the action from the jury calendar to the non-jury calendar. The question involved is the right of a plaintiff to serve and file a cross-notice of trial accompanied by a demand for trial by jury less than fourteen days before the commencement of the term where a defendant files a notice of trial unaccompanied by such a demand upon the last minute of the fourteenth day before said term; and whether the right to a trial by jury is thereby waived by a plaintiff. The complaint sets forth two causes of action, for money damages, triable at law before a jury. The action was commenced on February 25, 1931, by service on all but one of the defendants. On March 9, 1931, service upon the latter was had. On April 10, 1931, defendants moved to dismiss the complaint for insufficiency. Said motion was denied and an appeal taken by defendants. Defendants moved for an order staying all proceedings of plaintiffs pending said appeal, which motion was denied. Issue was joined on July 22, 1931, by stipulation without prejudice to the pending appeal. On September 22, 1931, defendants moved to vacate a notice of examination before trial served by plaintiffs. This motion was granted with a memorandum reading as follows: " The examination of this defendant may well await the determination of the appeal * * *. Should the appeal be determined favorably to the defendants there will be no need for the examination * * *." On November 23, 1931 (the last day on which a notice of trial could be served for the December term), pending the aforesaid appeal, and while the right of the plaintiffs to examine the defendants before trial had been suspended, as aforesaid, two of the defendants, at eight-fifty P. M., served a notice of trial upon the attorney of the plaintiffs by leaving a copy at the office of said attorney, at which time said office was closed. Upon the following day plaintiffs served a cross-notice of trial, accompanied by a demand for a trial by jury, upon all the defendants, and on the 25th of November, 1931, filed the jury demand and paid the jury fee. The defendants returned the cross-notice of trial and demand for trial by jury of the plaintiffs whereupon the parties made the respective motions resulting in the orders from which plaintiffs appeal, as aforesaid. The respondents claim that the plaintiffs, by failing to file a notice of trial within fourteen days before the commencement of the term, in accordance with the provisions of rule 150 of the Rules of Civil Practice, have waived the right to a trial by jury under the provisions of subdivision 5 of section 426 of the Civil Practice Act. Said subdivision states one of the modes by which it is provided that a party may waive his right to the trial of the issue of fact by a jury. It reads as follows: " In actions pending in the Supreme Court in the counties of New York, Bronx, Richmond, Kings and Queens, wherein the complaint prays judgment for a sum of money only or to recover chattels, by failing to serve with his notice of trial a written notice demanding trial by jury and failing to file a copy of such latter notice with the county clerk within ten days after service thereof. If the plaintiff fails so to serve and file such notice demanding a jury trial and a note of issue be thereafter filed, the action shall be placed on the calendar for the trial of actions at law without

a jury, unless a jury trial be demanded by another party to the action, as hereinafter provided. Any other party to the action may, within twenty days after the service of notice of trial upon him, or with his own notice of trial, serve upon the attorneys for all other parties to the action a notice demanding a jury trial and file a copy of such latter notice with the county clerk within ten days after service thereof. In the event of such last mentioned service and filing by a party to the action other than the plaintiff, the action shall be placed upon the calendar for trials by jury. The party first demanding a jury trial as herein provided shall pay to the county clerk the jury fee therefor as provided in section fifteen hundred and fifty-seven-a of this act." An analysis of the foregoing subdivision leads to the conclusion that only by filing a notice of trial unaccompanied by a demand for a trial by jury may a plaintiff under subdivision 5 waive the right to a trial by jury. The provision that any other party than the plaintiff may within twenty days after service of notice of trial upon him serve a notice demanding a jury trial, was intended merely to preserve to such party the right to a trial by jury where a plaintiff noticed a case for trial unaccompanied by demand for a trial by jury, immediately before the expiration of the period within which a notice of trial could be served. It was not intended to deny to a plaintiff a reciprocal right where a notice of trial was served by a defendant in like manner. In other words, the general expression, " any other party to the action " was intended to include any other party than the one filing a notice of trial, including a plaintiff. Otherwise, a plaintiff would be compelled to notice a case for trial under penalty of losing the right to a trial by jury at the election of a defendant. It is urged, nevertheless, that the above construction of the statute is negatived by the sentence following the provision that if a notice of trial is filed by a party other than the plaintiff, any other party may within twenty days thereafter serve a notice of trial, namely: " In the event of such last mentioned service and filing by a party to the action other than the plaintiff the action shall be placed upon the calendar for trials by jury." The last above-quoted provision, however, is susceptible of, and should be given the construction of, relating to a case where the plaintiff has filed a notice of trial unaccompanied by a demand for a trial by jury, and a party other than the plaintiff has demanded a trial by jury. In other words, the provisions following the first sentence of subdivision 5 of section 426 are designed to preserve the right to a trial by jury to a party other than the one filing the initial notice of trial and not to the forfeiture of such right. Such right may be forfeited only in the manner provided by the first sentence of said subdivision and by the other four subdivisions of section 426. Section 426 of the Civil Practice Act aforesaid prescribes the modes by which a trial by jury may be waived pursuant to article 1, section 2, of the Constitution, which provides that " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law." It has been held that the modes of waiver prescribed by statute are not exclusive, but that a waiver may be adjudged upon any evidence which would be sufficient to constitute a waiver of right in other cases. (*Baird* v. *Mayor*, 74 N. Y. 382, 386.) In the case at bar, however, there is no claim, and no basis for claiming, any other basis of waiver than that provided by statute. There are no acts by the plaintiffs from which an intention to waive the right of a trial by jury might be inferred. The failure of the plaintiffs to notice the action for the December term was a natural result of

the pending appeal involving the sufficiency of the complaint and the success of the defendants in depriving the plaintiffs of an examination before trial in the interim. It is only by some unequivocal act which clearly evinces an intention to abandon the constitutional right that such right may be 'waived. (*Wheelock* v. *Lee*, 74 N. Y. 495, 501.) There is none such in the case at bar. Reliance is placed by the defendants solely upon the contention that the facts above set forth constitute a waiver under the provisions of subdivision 5 of section 426 of the Civil Practice Act. That is the only question involved in this appeal. As noted above, there has been no waiver under said section. It seems to me, therefore, that the cross-notice and demand for trial by jury served by plaintiffs were duly served. It follows that the orders appealed from should be reversed, with ten dollars costs and disbursements to appellant, plaintiffs' motion granted, and the motion of defendants denied.