MITCHELL *v.* VAN BUREN *et al.*

Upon a motion by a subsequent judgment creditor to set aside judgments confessed by his debtor under § 383 of the Code, the court may allow an amendment supporting the judgment by the signing and verifying a new statement stating the facts more specifically.

APPEAL from the Supreme Court. On the 11th of October, 1856, John M. Olmstead and Horace Hanford recovered a judgment against Harmon Van Buren, for $337.77, and Levi Olmstead another judgment against the same defendant, for $406.50. Both these judgments were upon confession, and they were duly docketed in Delaware county.

In March, 1860, Harmon Mitchell recovered a judgment

Mitchell *v.* Van Buren.

against Van Buren in an action; the particulars of this judg-ment are not stated, but it was docketed in the same county.

In February, 1862, Mitchel made a motion to set aside the judgments of the Olmsteads and Hanford, on account of the insufficiency of the statements. The motion was founded upon the confessions and records of these judgments, and upon an affidavit, stating the facts above quoted, and also that Van Buren was insolvent; that his real estate, upon which these judgments were liens, was about to be sold under foreclosures, and that there were other judgments against him.

The motion was opposed, with affidavits showing the particulars and consideration of the debts for which the Olmstead judgments were confessed; that they were confessed in good faith, and that the insufficiency of the statements was occasioned by the ignorance of the person who drew them, who was not a lawyer; that the debtor continued to transact business afterwards, and that had the motion been made and the judgments set aside at an earlier day, the plaintiffs might, nevertheless, have collected their debts.

An order was made at the special term, granting the motion unless new and verified statements should be subjoined to the judgments, stating the facts more specifically; granting leave to amend the judgments by such statements, and denying the motion if the judgments were so amended, and upon payment of costs. The order to be without prejudice to the creditors making the motion to bring an action to vacate the judgments.

The order was affirmed at the general term, on appeal, with costs, and the moving party in the court below appealed to this court.

*Abraham Becker*, for the appellant.

*William Gleason*, for the respondents.

DENIO, Ch. J. The question involved in this appeal is, whether the Supreme Court possesses power to authorize an amendment of the statement required to be signed and verified, upon the confession of a judgment, under sections 382, 383

and 384 of the Code. It has been plausibly argued, that the judgments contemplated by these provisions are statutory proceedings, as distinguished from judgments of courts, and that if a mistake be made, so that it could be said that the statute has not been substantially complied with, the proceeding is void and incapable of amendment, the courts having no more power in the matter than they would have to relieve against the omission to record a deed or mortgage, or any other thing which is wholly regulated by statute, irrespective of the courts. But I think the argument is not warranted by the language of the legislature. The last mentioned section expressly declares that, upon the statement being filed, the clerk shall enter in the judgment book, a judgment of the Supreme or said Superior Court. These courts, as is well known, have a jurisdiction over their records, and have always been accustomed to relieve, upon a summary application, against the errors and mistakes of their officers and the suitors of the courts, by amendments and by allowing papers to be filed and entries made *nunc pro tunc* in furtherance of justice. The proceedings of the appellant in the matter under review, can only be justified upon this theory. For if the judgment is to be considered as a matter unconnected with the court, there would have been no jurisdiction to entertain the appellant's motion to set aside the judgment; and the question whether it conformed to the statute, or was void for the want of such conformity, could only be litigated in a regular action in which its validity should be collaterally brought in question. In my opinion, the court had the same power which they would have possessed if it had been rendered in an action actually pending in the court.

The courts of original jurisdiction have always exercised a large and very beneficial power, in supplying deficiencies or remedying defects in judgments and other judicial proceedings existing in their courts. But it will not be necessary to refer to the cases, since the jurisdiction has been affirmed in its greatest extent by the legislature. The 173d section of the Code declares what may be done in this respect by the court, in

furtherance of justice, and on such terms as it may judge proper. It may amend any proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case. This is very broad language, and plainly embraces a case like the present, where it was shown that the proceeding was in good faith, and the intention of the parties was to create valid judgments for debts honestly due, to the amount stated in the judgment. But we are only concerned with the question of jurisdiction. The Supreme Court, having power to permit the amendment, had the exclusive right to determine whether a proper case was made for the exercise of its jurisdiction, and to prescribe the terms upon which the permission should be accorded. It is a jurisdiction of the same kind with that which it exercises in relieving against defaults and slips in practice, and its determinations in such matters are not reviewable on appeal to this court. I think the order should be affirmed.

WRIGHT, SELDEN, ROSEKRANS, BALCOM and MARVIN, Js., concurred.

EMOTT, J. (dissenting). The character and effect of sections 382 and 383 of the Code, relative to judgments by confession have been too well settled by the authority of the Supreme Court and of this court to be any longer open to question. The requisitions of the Code in regard to the confession of judgments, are not precisely conditions precedent, which must be complied with, or there is no judgment. A judgment by confession, which does not conform to what the Code prescribes, in respect to the particularity of the statement of the debt, or satisfy its requirements in any and every respect, is not utterly void as to all parties and for all purposes. It is nevertheless good as between the parties, and it cannot be avoided collaterally by third persons, but must be directly impeached and set aside. (*Sheldon* v. *Stryker*, 34 Barb., 116; *Miller* v. *Earle*, 24 N. Y., 110; *Neusbaum* v. *Keim*, id., 325. Such a judgment may be amended, but with what effect and how far to the prejudice of other cre-

ditors is the question here. On the other hand, a failure to comply with the requirements of the statute in respect to the contents of a statement upon which a judgment is to be entered is not a mere irregularity. The right to move to set it aside is not restricted by the statute limitation of a year, which applies to all irregularities. What is more decisive is that such a defect in a judgment is proper ground for an action, and for the exercise of the equitable power of this court to set it aside. (*Dunham* v. *Waterman*, 17 N. Y., 9.) The effect of the Code is, as was stated in that case, that a judgment confessed without compliance with its provisions is to be deemed and held to be fraudulent and void as to other *bona fide* judgment creditors. The same view has been expressed and adhered to in the most recent cases. (24 N. Y., 110, 325, cited above.) The power to set aside such judgments upon motion is an equitable power, and the original and ordinary jurisdiction to proceed against them is in equity. The Code was intended not only to regulate and simplify the manner of confessing judgments, but to provide that they should exhibit the truth, and the whole of it, in regard to their consideration; or if they did not they should be held fraudulent as to other judgment creditors. Its provisions have been held to restore, in this respect, the effect of the statute of 1818 (Laws of 1818, chap. 259, sec. 8), which were applied in the case of *Lowber* v. *Hackett* (10 Johns., 149). The 8th section of that act, after requiring that at the time of filing every record of judgment by confession, the party making the same should file therewith a statement and specification of the nature and consideration of the debt or demand on which such judgment is confessed, enacted that in default of a compliance with this requirement, such judgment should be decreed and adjudged fraudulent as regards any other *bona fide* creditors, and every *bona fide* purchaser, for valuable consideration, of any lands bound or affected by such judgment. The construction put by the courts upon the sections of the Code to which I have referred, is that they must be read as if they contained a simi-

Mitchell *v.* Van Buren.

lar' clause, and similar consequences must follow from the failure to comply with them.

It is to be observed, then, that in every case in which a judgment is confessed without complying with the requisites of the law, this is not to be evidence of fraud or of a design to defraud, nor merely to create a presumption of fraud, but it renders the judgment fraudulent and, therefore, void as to other judgment creditors. The defect is not supplied by proof of good faith or a sufficient consideration, nor can the presumption be overcome by such evidence. A subsequent judgment creditor may attack such a judgment by motion or by action, and when he has instituted a proceeding in either form, he has commenced the assertion of a right which cannot be defeated by a subsequent amendment. It would hardly be maintained that in an action to set aside such a judgment a court would have a right to dismiss the plaintiff with a decree amending the confession, curing the defect and removing what the statute makes a fraud, upon any terms or for any reasons excusing the failure to comply with the law. If the decision which was rendered on this motion had been given in an action brought for a similar purpose, I suppose that it could not stand for a moment But the rights of the parties and the scope of the proceeding is the same, whether the relief is sought by motion or by action. The power to set aside judgments upon motion for such a cause, is an equitable power, and is asserted and exercised in analogy to proceedings by suit in a strictly equitable forum. The permission of an amendment to relieve the party from the consequences of a failure to observe the provisions of the law in those cases, is not a matter of discretion with the court, or if it can be considered to rest in such a discretion, it is a discretion governed by legal rules, and whose exercise can be corrected by an appellate tribunal when those rules are transgressed. The statute, as the court have construed it, makes an untrue or an insufficient statement upon a confession of judgment a fraud upon other creditors, and they have consequently a legal right to avoid it. The Supreme Court, in making the order from which this

appeal was taken, in effect denied this right, on account of the ignorance and honest intentions of the plaintiff in the judgment, and the justice of his debt. But the judgments confessed to the Olmsteds and Hanford were fraudulent and void as to Mitchel, not because they were not in fact for honest debts, but because they were not accompanied by such a statement of the consideration and particulars of the debts, as the law requires. The proof given by the counter affidavits could not cure this difficulty, and the Supreme Court erred in amending the judgments and preserving their lien. Their order should be reversed with costs and an order entered vacating these judgments absolutely.

DAVIES, J., concurred in this opinion.

Order affirmed.