THE UNION BANK, &c., APPELLANTS, *v.* ABIAL P. BUSH AND OTHERS, RESPONDENTS.

*Judgment—Power to reform—Pleading—Mistaken Averment—Variance.*

A party is not estopped by a mistaken averment of the law in his pleadings. But the Court will give such relief as he appears to be entitled to, notwithstanding such mistaken averment.

Where the opposite party has not been misled by such mistake, the party making the averment will not be precluded from asking such relief as the Court, upon a view of the case, shall deem him to be entitled to.

DAVIES, CH.J.—The Plaintiffs in this action, on the 13th day of February, 1857, recovered against the Defendants, Abial P. Bush, Luther Bush, and Obadiah H. Bush, composing the firm of A. P. Bush & Co., three several judgments, as follows : One for the sum of $2,071.19, and $9.96 costs ; another for the sum of $1,029.79, and $9.96 costs ; and the other for the sum of $2,037.40, and $9.96 costs. On the 27th of July, 1857, there was a balance due the Plaintiff on said payments of $3,300, and on the said 27th day of July, the Plaintiff loaned to said Defendants, composing said firm, a further sum of $2,900; whereupon the said Defendants made and confessed a judgment to said Plaintiff for the sum of $6,200, and authorized the entry of a judgment therefor ; and on said 27th of July, 1857, the said judgment was duly docketed in the clerk's office of Sullivan county, for the sum of $6,200, and $6.38 costs.

The confession or statement was in these words : " We do hereby confess judgment in this cause in favor of the above-named Plaintiff, Nathan S. Hammond, president of the Union Bank, for the sum of six thousand two hundred dollars, and authorize judgment to be entered therefor against us.

" This confession of judgment is for a debt justly due to the Plaintiff, arising upon the following facts : For balance due upon three several judgments in the Supreme Court, in favor of Plaintiff, against these Defendants, which judgments were docketed 185-, and were obtained upon notes discounted by the Union Bank

of Sullivan County for the Defendants, and the avails paid to us. And also for money this day loaned by the Union Bank of Sullivan County to the Defendants, for which, in addition to the above balance, this judgment is confessed." This statement was signed by all the Defendants, and verified in accordance with the provisions of the Code.

On the 17th of September, 1857, the Defendants conveyed their real estate to one James F. Bush, who took the same with a knowledge of the existence of the aforesaid judgment, and of the items composing the same.

The consideration named in the deed was $25,000, of which the amount of said judgment formed a part.

It is unnecessary, in the view we take of this case, to trace out the titles and liens of the various parties and corporations, Defendants herein, claiming to have acquired the same subsequent to the date of the docket of the Plaintiffs' judgment, July 27, 1857.

On the 27th day of March, 1858, the Plaintiffs, by virtue of an execution issued upon the said judgment, caused the real estate of the Defendants to be sold, and they became the purchasers thereof.

This action was commenced for the purpose of reforming the judgment, and having the same declared a valid and subsisting lien on the property of the Defendants herein; the Defendants claiming that the same was void, and constituted no lien upon the real estate of the Defendants named in said judgment.

The complaint set out all the facts connected therewith, and that the consideration of the three judgments mentioned in the said confession of judgment of July 27, 1857, was three several promissory notes, made by the said firm of A. P. Bush & Co., and discounted by the said Plaintiff, and the avails thereof paid to said firm. That on the 13th day of February, 1857, the said notes became due and payable, and the same being unpaid, the said Plaintiff, on said 13th day of February, 1857, recovered three several judgments against the members of said firm, one for $2,071.19, and $9.96 costs; one for $1,029.79, and $9.96 costs; and the other for $2,037.40, and $9.96 costs. That at the time of

docketing said judgments the Defendants therein were possessed of real estate, upon which the said judgments became a lien.

That on the 27th of July, 1857, the said Defendants had pressing need of further advances by the said Plaintiff, and represented that a further loan by said Plaintiff, to the extent of $2,900, was requisite to enable them to meet their liabilities, and they then promised and agreed to give said Plaintiff a lien by judgment or mortgage upon all their real estate for the amount of said proposed loan, together with the balance remaining due upon the said three judgments.

That the balance remaining due upon the said three judgments was on that day $3,300, and that said Plaintiff did thereupon, on said 27th day of July, loan to said firm the further sum of $2,900, making, with the balance due on said three judgments, the sum of $6,200 ; and thereupon said Defendants made, and subscribed, and verified the said confession of judgment, as already mentioned and set forth.

The complaint then states the several liens and interests of the other parties in this action acquired subsequent to said 27th day of July, 1857, and which the said Plaintiff claims and insists are subordinate to the lien of the said judgment docketed on that day in favor of said Plaintiff.

The Plaintiff also alleges that, by virtue of an execution issued upon said judgment, the real estate of the said Defendants had been sold by the sheriff, and that the said Plaintiff had become the purchaser thereof.

The Plaintiff then avers, upon information and belief, that said judgment, and said sale by virtue thereof, are irregular and defective, by reason of an omission and mistake on the part of the attorney employed to enter up the same, in not setting forth the facts out of which the indebtedness arose, in said statement and confession of judgment. And the Plaintiff alleged that by reason of such omission the title of said Plaintiff to said real estate so purchased would be irregular and defective. That the Defendants, or some of them, claim and allege that there was no authority in law for entering and docketing said judgment, and that the Plain-.

tiff can acquire no title to said lands by virtue of a sale under the same, and insists that the Plaintiff has acquired no lien by virtue thereof, or any right or title to said lands by reason of said sale and purchase, in consequence of said defective confession of judgment.

The Plaintiff therefore claimed and asked the judgment of the Supreme Court, that his said judgment might be amended and reformed. That said sale, under and by virtue of the same right, may be in all things confirmed to the said Plaintiff, as in all respects legal and valid, and that said Plaintiff's said equitable lien upon said lands and real estate may be enforced, and the said real estate may be charged with the payment of the same, from the day of the date of said judgment, or for such other or further judgment as may be just.

The action was tried by a Court, without a jury, and the facts found substantially as stated in the Plaintiff's complaint.

Judgment was entered declaring said judgment inoperative and void, for want of a sufficient statement and confession, as against all the Defendants in this action, except the judgment debtors in said judgment, and that said judgment ought not to be amended or reformed, nor enforced as an equitable lien in whole or in part, nunc pro tunc, against any of the Defendants, except said judgment debtors who have suffered default in this action, and said Defendant, Rachel Hasbrouck, who assented to said judgment; and it was further adjudged that said three judgments of February 13, 1857, which formed part of the consideration of the said judgment by confession for $6,200 and costs, be reinstated as of the day of their rendition, and that the cancellation of said judgments be vacated (except as to the judgment of $1,029.79, and costs, which judgment has been paid), and that the same, as against the parties Defendant in this action, be declared valid and subsisting liens as of the date of the rendition upon all the real property then owned by the said judgment debtors.

It was further adjudged that all the real estate described in the complaint, or so much as would satisfy the said two judgments, be sold by the sheriff of Sullivan county, upon the usual notice.

That none of the Defendants were entitled to costs, but it was ordered that the Plaintiff have judgment therein for $47.02, costs of this action, to be collected out of said real estate.

The Defendants, William Murray, president of the Goshen Bank, Leveryn Hasbrouck, The Middletown Bank, James F. Bush, Edwin Foley, Ebenezer Bush, Gideon Walis, executor, and Sophronia Stewart, executrix of Levi Stewart, deceased, and Sophronia Stewart, appealed from the whole of said judgments to the General Term, and the Plaintiff appealed from every part thereof, except the portion which declares and adjudges that the judgments of the 13th of February, 1857, be reinstated and satisfied out of the real estate of said judgment debtors.

The General Term affirmed said judgments in all things, and ordered that no costs be allowed to either party as against the other upon said appeal. And the same parties, appealing to the General Term, severally appealed from said judgment to this Court.

The Supreme Court was in error in supposing it had not the power to amend and reform the judgment entered by confession upon the 27th of July, 1857.

This Court had occasion to consider that point in the case of Mitchell *v.* Van Buren (27 N. Y. 300), and affirmed this power in the Supreme Court. We then held that the Supreme Court had the power to amend the statement and confession, and that it possesses a jurisdiction of the same kind with that which it exercises in relieving against defaults and slips in practice. But we also held that its determinations as to such matters are not reviewable on appeal to this Court.

But it is now urged that, all the facts appearing upon the complaint and in the action, it was the duty of the Court to have declared the judgment of the Plaintiff of July 27, 1857, legal and valid. There is no question that it was competent for the Court to have granted the same relief upon a complaint in an action which it had the power to grant upon a motion. A motion is only a summary appeal to the equitable powers of the Court, and is everywhere treated as a summary and simple substitute for an action in equity (Chichester *v.* Cande, 3 Cowen, 39, note).

Section 275 of the Code provides that if the Defendant has an-
swered, the Court may grant the Plaintiff any relief consistent
with the case made by the complaint, and embraced within the
issue.

The Supreme Court therefore had the power to amend the
statement and judgment, as we have seen. It also had the power
to grant such relief as was consistent with the case made by the
complaint, and embraced within the issue. A good cause of action
is not destroyed by adding allegations of immaterial matter
(Marquat v. Marquat, 2 Kern. 336 ; Eno v. Woodworth, 4 N. Y.
249 ; Wright v. Hooker, 10 N. Y. 51 ; Cobb v. Dows, ib. 335 ;
Byxbie v. Wood, 24 N. Y. 607 ; White v. Madison, 26 N. Y. 117).
The complaint in this action avers all the necessary facts to show
that the Plaintiff is entitled to some relief, viz. : The consideration
of the three original judgments, the recovery of said judgments,
their dates and amounts, and facts establishing their validity,
the jurisdiction of the Court to render such judgments, the appli-
cation of the judgment debtors for the new loan, the negotiation
and its final consummation, including the cancellation of the old
judgments of record, and a statement of the exact amount due to
the Plaintiff on the 27th of July, 1857.

The statement executed on that day, upon which the Plaintiff's
judgment was entered, alleges that on that day the Defendants
owed the Plaintiff the sum of $6,200, and that the same was
for a debt justly due to the Plaintiff, and it states concisely the
facts out of which that indebtedness arose. It avers that the
whole amount mentioned was for money loaned by the Plaintiff
to the Defendants. We think this statement is in conformity with
the requirements of the Code (§ 383), as construed and explained
by the numerous decisions of this Court (Lansing v. Carpenter,
20 N. Y. 447 ; Freligh v. Brink, 22 N. Y. 418 ; Neusbaum v.
Keim, 24 N. Y. 325 ; Mitchell v. Van Buren, 27 N. Y. 300 ;
Thompson v. Van Vechten, ib. 568 ; Read v. French, 28 N. Y.
285 ; Ely v. Cooke, ib. 365 ; Frost v. Koon, 30 N. Y. 428 ; Kirby
v. Fitzgerald, 31 N. Y. 417 ; Kellogg v. Cowing, 33 N. Y. 408 ;
Gandall v. Finn, decided in this Court, June, 1864 ; Curtis v.

Corbitt, 25 How. Pr. Rep. 58). These cases abundantly sustain the correctness and validity of the statement in the present action, and establish the legality of the Plaintiff's judgment, and the sale made under it. But it is contended that the Plaintiff is concluded by the allegation in his complaint that this statement and confession were irregular and defective. We cannot concur in the soundness of this objection. A party is not estopped or concluded by a mistaken averment of the law in his pleading. The rule applicable to an averment of a fact has no force as to a statement of the law, as applicable to a certain state of facts. As every man is presumed to know the law, a mistaken assumption of what the law is, in a particular case, cannot be assumed to have misled the opposite party. No estoppel in pais arises when the facts are equally known to both parties, and the mistake of the party claiming to have been misled is one of law. There are no elements of an estoppel in the present case. The Defendants have not acted under any misapprehension occasioned by this averment and disclaimer of the Plaintiff. The Plaintiff's mistake was one of law, in assuming that the statement was irregular and defective. Had the Plaintiff understood the law, as we are bound to hold it, it is clear that the allegations of the complaint would have been different (De Lancy *v.* Ganong, 5 Selden, 9). In Wright *v.* Hooker (ubi supra) it was held that the very object of the new system of pleading was to enable the Court to give the judgment according to the facts *stated* and *proved,* without reference to the form used, or to the legal conclusions adopted by the pleader. But as already observed, the Defendants have not been misled by this mistake of the Plaintiff, and it is not thereby precluded from now asking such relief as the Court, upon the facts proved, shall be of the opinion it is entitled to. The Code confers ample power upon this Court to modify the judgment appealed from (§ 12).

We think the proper judgment for the Supreme Court to have rendered upon the facts found in this action was to have declared the Plaintiff's judgment of July 27, 1857, legal and valid, and a lien upon the real estate of Defendants therein, from the date of its docket; and that the sale, by virtue of the execution issued

thereon, of the real estate of the said Defendants therein, was legal and valid, and that none of the parties were entitled to any costs as against the other in this action.

The judgment appealed from is reversed, and the record remitted to the Supreme Court to enter the judgment, which the Supreme Court should have entered as above stated, and which this Court directs to be entered.

JOEL TIFFANY,<br>State Reporter.