TRUMAN SYMSON, Appellant, *v.* HANNIBAL SELHEIMER *et al.*, Respondents.

*Court of Appeals. April 26, 1887.*

See 40 Hun, 116.

1. *Amendment. Judgment.*—The plaintiff has no legal right to demand from the court permission to amend the statement of the confession of judgment, but such amendment is one which the court may in its discretion refuse, or grant upon such terms as to it may seem to be just.

2. *Same. Terms.*—The special term, on granting such motion, may not annex to the amendment a provision which absolutely postpones the lien of the judgment, but may impose such postponement as a condition of granting the motion, giving the plaintiff the option of accepting the favor upon the condition imposed, or of not taking it and leaving his judgment in its original state.

3. *Same. Power of court of appeals.*—The court of appeals, in such case has no power to amend its remittitur by putting in some other condition than that imposed by the supreme court. To do so would be an exercise of the former court's, and a review of the latter court's, discretion.

4. *Same. Effect or order.*—The order as modified, if plaintiff accepts the conditions, cannot, it seems, be construed to postpone plaintiff's judgment to the lien of a judgment docketed in form, but which is, as matter of law, void.

Motion to amend the remittitur.

*Nathaniel Foote*, for appellant.

*John H. White*, for respondents.

PER CURIAM.—The motion made by plaintiff at special term, to obtain permission of the court to amend the statement of the confession of judgment, was addressed to the discretion of the supreme court. It was not an amendment which he had the legal right to demand, but was one which it might, in its discretion, refuse, or grant upon such terms as to it might seem to be just. Mitchell *v.* Van Buren, 27 N. Y. 300. The special term granted the motion to amend unconditionally.

Upon appeal, the general term, while affirming that part of the order of the special term granting leave to amend, coupled it with a provision absolutely postponing the lien of the plaintiff's judgment, as stated in such order. The effect was that, upon a motion for leave to amend his judgment, the plaintiff found that his motion had been granted, and the lien of his judgment absolutely postponed; instead of which, as he was asking for a favor, the order should have been in the form of granting the favor upon condition of his assenting to the postponement of his lien; thus giving the option to him of taking his favor upon the condition imposed, or of not taking it, and leaving his judgment in its original state. This court thought that the plaintiff had a right to have this option granted him. We, therefore, modified the order of the general term in the manner set forth in the remittitur.

The present motion to amend the remittitur, by putting in some other condition than that imposed by the supreme court, is to appeal from the discretion exercised by that court, and to ask us to exercise our own, which we have no power to do. We think, however, that the order as modified by this court, in case plaintiff accepts the conditions, cannot be construed to postpone the plaintiff's judgment to the lien of a judgment docketed in form, but which

is, as a matter of law, void. Where is the lien of a void judgment, or how can it be said to be a judgment at all?

The motion to amend the remittitur must be denied, without costs.

All concur.