NATIONAL PARK BANK OF N. Y. *v.* SALOMON *et al.*
SALOMON *et al. v.* SAME.

*(Supreme Court, General Term, First Department. May 24, 1889.)*

1. EXECUTION—AMENDMENT—CONFESSED JUDGMENT.
    Code Civil Proc. N. Y. § 1277, which is part of the article on "Confession of Judgment," provides that, "when the debt for which the judgment is rendered is not all due, the execution must be in the form prescribed by law for an execution upon a judgment for the full amount recovered, but the person whose name is subscribed to it must indorse thereupon a direction to the sheriff to collect only the sum due, stating the amount thereof." An execution was issued on such a judgment, with a direction to collect the whole amount. *Held,* that it would be set aside as to the amount not yet due, on motion of a subsequent execution creditor. Following *Jaffray* v. *Saussman, ante,* 629.

2. SAME.
    An agreement after the entry of the judgment, and without any amendment of the statement on which it was rendered, to the effect that the whole debt should then become due, will not authorize the issue of an execution for the whole amount of the judgment, when the statement shows that only a portion was due.

3. JUDGMENT—AMENDMENT.
    A confessed judgment may be amended by the correction of the statement on which it was rendered, when the same fails to comply with Code Civil Proc. N. Y. § 1274, if it appears that the debt for which the judgment was confessed was justly due, though subsequent judgment creditors may be thus deprived of rights which they would otherwise have.

Appeal from special term, New York county.

The National Park Bank of New York, a creditor of Emanuel Salomon and Henry Adler, moved to vacate a judgment confessed by them in favor of Gustav Salomon and Solomon Salomon, and the execution issued thereon. The motion was denied, and the bank appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Barlow & Wetmore,* for appellant.   *Julius M. Mayer,* (*B. F. Einstein,* of counsel,) for respondents.

BARTLETT, J.   The supreme court possesses power to amend a confession of judgment on motion.   *Bank* v. *Bush,* 36 N. Y. 631, 635.   This power may be exercised notwithstanding that the effect of such amendment may be to deprive subsequent judgment creditors of rights which would otherwise be theirs.   *Mitchell* v. *Van Buren,* 27 N. Y. 300.   In thus amending a confession of judgment the court merely gives the creditor the judgment which the debtor intended to give him at the time of executing the confession.   In the present case, a reference was ordered to take proof of such facts as were relevant to the motion of the appellants; and upon the reference the counsel for the National Park Bank consented that the referee might report to the court "that the indebtedness, and the items thereof mentioned in the confession of judgment, were fairly and honestly due from the defendants who confessed the judgment to the plaintiffs in the confession of judgment."   Hence, even if the appellants are right in their view that the statement prescribed by section 1274 of the Code, as the basis for a judgment by confession, was defective in this instance, the court at special term could properly have permitted an amendment such as was allowed in *Mitchell* v. *Van Buren, supra,* by the addition of a further verified statement; and we think it may fairly be assumed, from the manner in which the case was dealt with below, that the court did exercise the discretionary power which it possessed in that regard by allowing the statement to be amended, although this does not expressly appear.   In view of the admission already quoted, to the effect that the indebtedness mentioned in the confession of judgment was fairly and honestly due, it was perfectly proper to treat the case as though a suitable amendment had been made, if such amendment was necessary.   We are therefore of the opinion that the motion was rightly denied, so far as it sought to set aside the confessed judgment.

As to that portion of the application, however, which was directed against the execution, except as to the part thereof which represented an amount actually due at the time such execution was issued, we have reached a different conclusion.   The judgment was confessed on the 23d day of January, 1888, for a total sum of $19,790.84, exclusive of costs and disbursements, and the statement upon which it was based showed that the only portion of this indebtedness then actually due was $550.   On the same day, the plaintiffs in the said confessed judgment caused an execution to be issued thereon, indorsed by their attorney, with a direction to the sheriff to levy and collect $566.50, being the amount then actually due on the judgment, together with costs and disbursements.   This execution was in the form prescribed by section 1277 of the Code.   Two days later, however, it was withdrawn, and another execution was issued on the confessed judgment, directing the sheriff to collect the whole amount mentioned therein, to-wit, $19,790.84.   To this execution the National Park Bank, as a subsequent execution creditor, objects, on the ground that it is not warranted by section 1277 of the Code of Civil Pro-

cedure.   There is no doubt that it was issued in disregard of the provisions of that section.   The respondents argue that the appellants have no standing to question the execution on this account, but we think they are entitled to do so for the reasons set forth in the case of *Jaffray* v. *Saussman, ante*, 629, (decided by this court at the present term.)

The respondents further insist that the whole amount of the confessed judgment had in fact become due on the 25th day of January, 1888, when the second execution was issued.   It appears that after the judgment was confessed and entered, and without any amendment of the statement upon which it was based, the parties thereto met, and agreed that all the indebtedness mentioned therein should become and be deemed presently due.   This subsequent agreement, however, could have no effect upon the judgment so far as it concerned third parties, or upon the form of execution which it was proper to issue thereon.   Under the statute the execution must follow the judgment, and could properly direct the sheriff only to collect such amount as the statement upon which the judgment was founded showed to be actually due.   So long as the statement remained unchanged, there was no warrant for issuing execution for any part of the claim, except that which the statement showed to be due at the time it was made.   So far as this part of the case is concerned, there is no question of amendment, because the parties to the confessed judgment have not sought to amend it in any way.   They are insisting upon the validity of an execution which is founded, not upon a judgment, but upon an agreement or arrangement entered into between them subsequent to the judgment, and not in any manner of record.   Such an agreement is unavailing as the rights of third parties are concerned.   The order appealed from should be reversed, so far as it denies the motion to set aside the execution on the confessed judgment, and said execution should be set aside as to all of the amount mentioned therein, except $566.50.   All concur.