THE NATIONAL PARK BANK OF NEW YORK, Appellant, *v.* EMANUEL SALOMON *et al.*, Respondents.

GUSTAVE SALOMON *et al.*, *v.* THE SAME.

*N. Y. Supreme Court, First Department, General Term, May 24, 1889.*

1. *Judgment. Confession. Amendment.*—The supreme court possesses power to amend a confession of judgment on motion; and, when the indebtedness mentioned in the confession of judgment is fairly and honestly due, this power may be exercised, notwithstanding the effect of such amendment may be to deprive subsequent judgment creditors of rights which otherwise would belong to them.

See Note at the end of this case.

2. *Same. Execution.*—An execution issued on a judgment on confession, where the statement on which it is based shows that only a

portion of the indebtedness is due, for the full amount of the judgment, is irregular.

3. *Same. Subsequent judgment creditor.*—A subsequent execution creditor is entitled to question an execution issued on a judgment on confession for the full amount where only a portion is due at the time of such issue, and to set it aside on motion except for the amount actually due thereon.

4. *Same. Subsequent agreement.*—A subsequent agreement between the debtor and the creditor in the confession judgment, that all the indebtedness mentioned in the statement should become and be deemed presently due, without any amendment of the statement to that effect, cannot interfere with the rights of third parties, nor warrant the issuing of an execution on any part of the claim, except that which the statement showed to be due at the time it was made.

Appeal from an order denying a motion to set aside a judgment by confession and an execution issued thereon.

*Francis C. Barlow*, for appellant.

*B. F. Einstein*, for respondent.

BARTLETT, J.—The supreme court possesses power to amend a confession of judgment on motion. Union Bank *v.* Bush, 36 N. Y. 631, 635. This power may be exercised, notwithstanding that the effect of such amendment may be to deprive subsequent judgment creditors of rights which would otherwise be theirs. Mitchell *v.* Van Buren, 27 N. Y. 300. In thus amending a confession of judgment, the court merely gives the creditor the judgment which the debtor intended to give him at the time of executing the confession. In the present case, a reference was ordered to take proof of such facts as were relevant to the motion of the appellants ; and upon the reference, the counsel for the National Park Bank consented that the referee might report to the court " That the indebtedness, and the items thereof mentioned in the confession of judgment, were fairly and honestly due from the defendants who confessed the judgment to the plaintiffs in the confession of judgment." Hence,

even if the appellants are right in their view that the state-
ment prescribed by section 1274 of the Code, as the basis for
a judgment by confession, was defective in this instance, the
court, at special term, could properly have permitted an
amendment such as was allowed in Mitchell *v.* Van Buren
(*supra*), by the addition of a further verified statement;
and we think it may fairly be assumed, from the manner in
which the case was dealt with below, that the court did exer-
cise the discretionary power which it possessed in that regard
by allowing the statement to be amended, although this does
not expressly appear. In view of the admission already
quoted to the effect that the indebtedness mentioned in the
confession of judgment was fairly and honestly due, it was
perfectly proper to treat the case as though a suitable amend-
ment had been made, if such amendment was necessary.

We are, therefore, of the opinion that the motion was
rightly denied so far as it sought to set aside the confessed
judgment. As to that portion of the application, however,
which was directed against the execution, except as to the
part thereof which represented an amount actually due at
the time such execution was issued, we have reached a dif-
ferent conclusion.

'The judgment was confessed on the 23d day of January,
1888, for a total sum of $19,790.84, exclusive of costs and
disbursements, and the statement upon which it was based
showed that the only portion of this indebtedness then
actually due was $550. On the same day, the plaintiffs in
the said confessed judgment caused an execution to be issued
thereon, endorsed by their attorney with a direction to the
sheriff to levy and collect $566.50, being the amount then
actually due on the judgment, together with costs and dis-
bursements. This execution was in the form prescribed by
section 1277 of the Code. Two days later, however, it was
withdrawn, and another execution was issued on the con-
fessed judgment, directing the sheriff to collect the whole
amount mentioned therein, to wit, $19,790,84. To this exe-

cution the National Park Bank, as a subsequent execution creditor, objects on the ground that it is not warranted by section 1277 of the Code of Civil Procedure. There is no doubt that it was issued in disregard of the provisions of that section. The respondents argue that the appellants have no standing to question the execution on this account, but we think they are entitled to do so for the reason set forth in the case of Jaffray *v.* Saussman, decided by this court at the present term.

The respondents further insist that the whole amount of the confessed judgment had in fact become due on the 25th day of January, 1888, when the second execution was issued.

It appears that after the judgment was confessed and entered, and without any amendment of the statement upon which it was based, the parties thereto met and agreed that all the indebtedness mentioned therein should become and be deemed presently due. This subsequent agreement, however, could have no effect upon the judgment so far as it concerned third parties, or upon the form of execution which it was proper to issue thereon. Under the statute the execution must follow the judgment, and could properly direct the sheriff only to collect such amount as the statement upon which the judgment was founded showed to be actually due.

So long as the statement remained unchanged there was no warrant for issuing execution for any part of the claim except that which the statement showed to be due at the time it was made. So far as this part of the case is concerned, there is no question of amendment, because the parties to the confessed judgment have not sought to amend it in any way. They are insisting upon the validity of an execution which is founded not upon a judgment, but upon an agreement or arrangement entered into between them subsequent to the judgment, and not in any manner of record. Such an agreement is unavailing so far as the rights of third parties are concerned.

The order appealed from should be reversed so far as it denies the motion to set aside the execution on the confessed judgment, and said execution should be set aside as to all of the amount mentioned therein, except $566.50.

VAN BRUNT, Ch. J., and DANIELS, J., concur.

### NOTE ON JUDGMENT BY CONFESSION.

The Code of Civil Procedure, from sections 1273 to 1278 inclusive, makes full provision for the entry of judgment by confession in courts of record. All persons, except infants and those of unsound mind, are capable of confessing, and are permitted to confess a judgment. Married women may do so, only when the debt has been contracted for the benefit of her separate estate, or in the course of any trade or other business carried on by her on her sole and separate account. She is, therefore, incompetent to confess a judgment for any indebtedness incurred by her for the accommodation of her husband or other person, and by a strict construction of the statute, for any necessaries used for the support of herself and family, whether purchased by herself or her husband.

The language of the section will also preclude any power to confess judgment for any matter arising in tort. Such judgment can be entered only for money due or to become due, or to secure a contingent liability or both, and the provisions of the other sections relative to this subject exclude all causes of action in tort from the operation of the statute.

The 1274th section of the Code and the decisions referred to in this note construing it, show how concisely and yet fully the statement, which is to form a part of the record, must set forth the facts out of which the claim arose, and thus establish the consideration which sustains the promise. A thorough examination of the cases alone will enable the practitioner to ascertain the requirements of the statute in this respect.

The courts have under certain circumstances permitted a defective statement of confession to be amended, but have usually required good faith, and unintentional mistake, and an honest claim to be shown, and then have not allowed the amendment *nunc pro tunc*, when the rights of subsequent creditors would be injuriously affected.

A judgment by confession entered on a defective statement may be attacked and set aside on motion or by action by a subsequent judgment creditor, grantee or mortgagee of the premises upon which such judgment purports to be a lien; and undoubtedly any interested person, save the judgment debtor, may make such application.

Section 1277 of the Code provides for the form, essentials and issue of execution on a confessed judgment.

The cases are herein collated and examined.

Section 1273 reads as follows:

Section 1273. A judgment by confession may be entered, without action, either for money due or to become due, or to secure a person against contingent liability in behalf of the defendant, or both as prescribed in this article. A married woman may confess such a judgment, if the debt was contracted for the benefit of her separate estate, or in the course of any trade or other business carried on by her on her sole and separate account.

*Married woman.*—A married woman has power to confess a judgment only for a debt contracted for the benefit of her separate estate, or in the course of business carried on by her on her separate account. White *v.* Wood, 15 N. Y. C. P. 187.

*Confession for future liability.*—A judgment may be confessed to secure future advances of notes and other commercial paper, agreed to be made by the plaintiff for the defendant, and which the former is to provide for at maturity. Cook *v.* Whipple, 55 N. Y. 150.

A party may take a confession of judgment to secure himself against the contingent liability assumed on the signing of the note as surety, but the statute requires in such a case that the confession must state concisely the facts constituting the liability assumed, and must show that the sum confessed does not exceed the amount of the liability. Flour City Nat. Bk. *v.* Doty, 41 Hun, 76; if there is a failure to comply with the requirements of the statute, the confession of judgment is regarded in law as fraudulent and void, and may be attacked and set aside by a subsequent judgment creditor in an action prosecuted for that purpose.

*Statement of Confession.* Section 1274. A written statement must be made, and signed by the defendant to the following effect:

1. It must state the sum, for which the judgment may be entered, and authorize the entry of judgment therefor.

2. If the judgment to be confessed is for money due or to become due, it must state concisely the facts, out of which the debt arose; and must show that the sum confessed therefor is justly due, or to become due.

3. If the judgment to be confessed is for the purpose of securing the plaintiff, against a contingent liability, it must state concisely the facts, constituting the liability, and must show that the sum confessed therefor does not exceed the amount of the liability.

The statement must be verified by the oath of the defendant, to the effect, that the matters of fact set forth therein are true.

In Schoolcraft *v.* Thompson, 9 How. 61, a statement by confession

of a debt, "for goods, wares and merchandise, sold and delivered to defendant by plaintiff's firm, purchased in the years 1851, and 1852, was held, under the former Code, to be sufficient.

In the case of a debt founded on a sale of goods, for instance, a statement of the kinds, qualities, prices charge, times of purchase or delivery, in the minutest detail, instead of being in the language of the section—" a concise statement of the facts"—would be as minute and prolix as a bill of particulars, which would hardly be required in a confession of judgment made under the authority of this section. Hoppock v. Donaldson, 12 How. 141.

In this case, which arose under the former Code, the judgment was confessed for $1,021.60, and the statement was " The sum of $521.60, it being for goods and merchandise heretofore delivered to me, the said defendant, and which is now due. And also for the sum of $500, being the amount of a bill of goods this day purchased of him the said plaintiff; " and it was held that the first portion of the judgment which embraces the statement of the sum of $521.60 could not be sustained; and that the statement for the latter was specific enough to be sufficient.

In Norris v. Denton, 30 Barb. 117, a statement upon which a judgment was entered by confession which merely alleges the consideration to be a promissory note given by the debtor to plaintiff for value received, without specifying the consideration or amount of the note, was held, to be defective, and the judgment fraudulent and void as against the creditors of the judgment debtor.

A statement upon which to enter judgment by confession was held in Chappel v. Chappel, 12 N. Y. 215, to be sufficient, under the former Code, where it merely sets out a promissory note executed by the defendant to the plaintiff as the consideration of the indebtedness, without concisely stating the facts out of which the indebtedness evidenced by the note arose.

A judgment confessed under section 282 and 283 of the former Code was held, in Dunham v. Waterman, 17 N. Y. 9, though for a just debt, to be fraudulent and void as to other judgment creditors of the debtor, where the statement, upon which it is entered, contained no further specifications of the facts out of which the indebtedness arose than that it was upon a promissory note, whose date, amount and time of payment are set forth, and which was given on a settlement of accounts, on a specified day, between the debtor and plaintiff in such judgment.

A statement was held in Freligh v. Brink, 22 N. Y. 418, to be sufficient to authorize a judgment by confession, where it stated that the indebtedness on a promissory note made by defendant to plaintiff for $700, with interest, "that amount of money being had by the defendant

of the plaintiff, and upon which there is this day due the sum of $782.-47," and the sum above confessed is justly due to the plaintiff.

In Read *v.* French, 28 N. Y. 285, it was stated that the defendants were indebted to plaintiff in the sum of $3,300, which indebtedness arose on account of goods purchased in 1853; that the whole amount of the purchase was $3,500, and the amount remaining due at that date was $3,300 ; that the goods consisted of cloth, trimmings, etc., and were purchased at Providence, where plaintiff resided; and it was held that the statement was sufficient in form, though it was not alleged in terms that the goods were purchased by the defendants from the plaintiff, inasmuch as the words used plainly imported that fact.

In Union Bank *v.* Bush, 36 N. Y. 631, the statement, upon which plaintiff's judgment was entered, alleged that on the 27th day of July, 1857, the defendants owed the plaintiff the sum of $6,200, and that the same was for a debt justly due to the plaintiff arising upon the following facts : For balance due upon their several judgments in the supreme court in favor of the plaintiff against the defendants, which judgment were docketed        185   , and were obtained upon notes discounted by the Union Bank of Sullivan county for the defendants, and the avails paid to us, and also for money this day loaned by the Union Bank of Sullivan county to the defendants, for which, in addition to the above balance, this judgment is confessed; and it was held that this statement was in conformity with the requirements of section 383 of the former Code, as construed and explained by the numerous decisions of the court of appeals. See Launing *v.* Carpenter, 20 N. Y. 447; Freligh *v.* Brink, 22 Id. 418; Neisbaum *v.* Kein, 24 Id. 325; Mitchell *v.* VanBuren, 27 Id. 300; Thompson *v.* VanVechten, Id. 368; Read *v.* French, 28 Id. 285; Ely *v.* Cooke, Id. 365; Frost *v.* Koon, 30 Id. 428; Kirby *v.* Fitzgerald, 31 Id. 417; Kellogg *v.* Cowing, 33 Id. 408; Curtis *v.* Corbitt, 25 How. 58.

The statement in Butts *v.* Schieffelin, 5 N. Y. C. P. 415, alleged that the confession was made for debts now justly due to the plaintiff from defendant, arising upon certain promissory notes made and delivered by the defendant to the plaintiff before maturity, for value received, but did not set forth anything further as to the consideration of the notes, and it was considered insufficient, and a motion made by a subsequent judgment creditor of the defendant to set it aside was granted.

A statement upon which to enter a judgment by confession was held in Combs *v.* Bowen, 20 W. Dig. 57, not to be sufficient, where it merely states and sets out a promissory note, executed by the defendant to the plaintiff as the consideration of the indebtedness, without setting forth the facts out of which the debt arose; and the judgment was vacated on motion of a subsequent judgment creditor.

In Harrison *v.* Gibbons, 71 N. Y. 58, it was alleged, in substance,

that the judgment debtor had and obtained groceries, provisions, money, etc., including interest of another party who had assigned such interest to plaintiff, and this was held to be a sufficient statement of the facts out of which the indebtedness arose to warrant the entry of a judgment, under the former Code, though it was indefinite as to time.

The general term in Marrin v. Marrin, 27 Hun, 561, held that a statement, upon which the judgment by confession was based, was insufficient, where it states that the debtor was the executor and trustee under a will whereby the plaintiffs were left legatees, and beneficiaries, and that on an accounting, and an examination of his accounts as said trustee, it appeared that there was then due and owing to said plaintiffs a certain sum, which was justly due from him to them; but on appeal from the judgment of the general term, the court of appeals held, in 92 N. Y. 644, that the above statement was sufficient to sustain the judgment.

In Citizens' Nat. Bk. v. Allison, 37 Hun, 135, a party, in confessing a judgment to the assignee of a firm, stated that it was confessed for money borrowed or had of the firm, at the bank, on a note of $2,000, dated April 1, 1883, due in three months from the date thereof, which is now due and unpaid, and was made payable at the bank, and the sum confessed therefor is justly due, and does not exceed the liability; and it was held that the statement did not show that any money was due from the judgment debtor to the firm or the assignee, and that it was not sufficient, within the requirements of subdivision 2 of section 1274 of the Code, to support the judgment entered upon it.

Section 1274 of the Code, requires a defendant confessing judgment for a sum of money, due or to become due, to set forth concisely, in the statement which is to form a part of the record, the facts out of which the demand arose, and thus, the consideration which sustains the promise. Flour City Nat. Bk. v. Doty, ante. It is insufficient to make a general statement that the indebtedness arises upon a promissory note, setting forth and describing the same. Id.

The object of the statute in requiring a detailed statement of the facts and circumstances out of which the indebtedness arose, is to inform other creditors of, the dealings and transactions which had taken place between the parties to the judgment, that they may be able to ascertain, by proper inquiry, that the indebtedness was real and not fictitious, and satisfy themselves, if such was the fact, that the judgment was based upon a good consideration, and valid in law. Id.

In Broisted v. Breslin, 42 Hun, 656, it was stated that the defendant, at different times, borrowed of the plaintiff divers sums of money, and also purchased of the plaintiff horses; and on an account

ing of their dealings together this day, there was found to be due from the defendant to the plaintiff, the sum of $2,298, and for which amount this confession is made, and it was held that it was a sufficient statement to sustain the confessed judgment, even though it fails to specify the times at which the horses were sold, or the money loaned, or what particular proportion of the debt arose from either transaction. This case was affirmed in the court of appeals in 105 N. Y. 682, without opinion.

Whether the statement, upon which a confession of judgment is made, is intentionally false, and thus the confession fraudulent in fact, is immaterial; even though it is unintentionally false, it is fraudulent in law, and the judgment confessed is consequently void. Rutherford *v.* Schottman, 49 Hun, 606; Flour City Nat. Bk. *v.* Doty, *ante*. In the first case above cited, there was an over-statement of the amount of indebtedness, resulting from an under statement of the amount of payment made thereon, through an unintentionally wrong application of payments upon a firm claim, instead of on the individual claim for which the judgment was confessed, and it was held that it was fraudulent and void as against the plaintiff.

*Verification of statement.*—The legislature, in requiring the statement of facts accompanying a judgment by confession to be properly verified by the oath of the party, intended that in so far as it related to things within his own knowledge, he should affirm it to be true. Ingram *v.* Robbins, 33 N. Y. 409. In this case, the party only swore that he " believes the above statement of confession is true," and it was held that the affidavit was insufficient, and the judgment, entered thereupon, was vacated. So, in Cook *v.* Whipple, 55 N. Y. 150, 166, the verification of the statement to one of the confessed judgments was upon information and belief only, and held insufficient.

A defective verification to a statement for a judgment by confession is amendable. Cook *v.* Whipple, *ante*. In this case, such an amendment was allowed to be made, where asked for in the answer, in an action against the judgment creditor to recover property, the title to which the defendant claims by purchase upon a sale under an execution upon such a judgment. See Mitchell *v.* Van Buren, *ante ;* Union Bank *v.* Bush, 36 Id. 631; Chichester *v.* Cundee, 3 Cow. 39, note.

*Vacating judgment by confession.*—It has been the practice of the courts at all times to interfere in the way of vacating, modifying, or reducing judgments entered on confession, by way of motion, and at the instance of other parties whose interests and rights may be shown to require protection against the judgment. Seligman *v.* Franco-American Trading Co., 53 Hun, 629. A judgment entered upon the confession of the defendant stands upon different grounds from one

recovered by an actual adjudication of the court, and will not be allowed injuriously to defeat or postpone the legal rights of other parties.

After the death of the defendant, a judgment by confession cannot be entered, though on the same day. Maddock *v.* Stevens, 15 N. Y C. P. 248.

A junior judgment creditor can take advantage of an omission in the statement of confession, and by motion, have the confessed judgment set aside as to his judgment. Chappel *v.* Chappel, 12 N. Y. 215.

A judgment by confession is not absolutely void where there has been a defective statement, but is voidable at the instance of an interested party. Read *v.* French, *ante.*

A confession of judgment in which the only statement of the grounds of indebtedness is " for a debt justly due from me to said plaintiff for moneys to that amount loaned and advanced to me by said plaintiff, was held, in Terrett *v.* Brooklyn Improvement Co., 18 Hun, 6, to be sufficient as between the parties, and voidable only, if at all, in a direct action or motion to vacate it by a junior judgment creditor or *bona fide* purchaser of the premises on which said confessed judgment is a lien.

In Jacobstein *v.* Abrams, 41 Hun, 272, a general creditor who has no lien, either by judgment or attachment, upon the debtor's property was held to have no right to move to vacate judgments confessed in favor of other creditors, upon the ground that such judgments were confessed for the purpose and with the idea and preconceived design of cheating his creditors out of their respective demands. The general rule is that no one except a judgment creditor can come into court to obtain relief against a judgment confessed, as being a fraud upon creditors; Id; Kendall *v.* Hodgins, 7 Abb. 309; and that a creditor-at-large cannot obtain relief by motion or action. Id. In Marks *v.* Reynolds, 12 Id. 403, the application to vacate the judgment was made by a subsequent judgment creditor. And so, in Bridenbecker *v.* Mason, 16 How. 203, the motion was made by a judgment creditor. But in Norris *v.* Denton, 30 Barb. 117, it is said that the right to set aside, or attack, a void judgment entered by confession, upon a defective statement is not limited to judgment creditors; and that it may be also attacked by a grantee or mortgagee of premises upon which such judgment is a lien; and they may do so, either by bringing an action for that purpose, or in defense of an action, brought to enforce the judgment, to which they are made parties.

A junior judgment creditor, who has had an execution issued upon his judgment, was allowed, in Utter *v.* McLean, 53 Hun, 568, to test, by motion, the validity of a senior judgment entered on confession, upon allegations of fraud, where the judgment is valid upon

its face, and in no way defective, in order to remove an obstruction to the levying of the execution which he has issued, and was not relegated to his remedy by action. See Williams *v.* Hernon, 3 Keys, 99; Chappel *v.* Chappell, *ante*; Frasier *v.* Frasier, 9 John. 80. In Miller *v.* Earle, 24 N. Y. 110, it was decided that money made and paid over under a confession of judgment, though it may be defective, cannot be reached by motion where no fraud is alleged. The moving parties in Utter *v.* McLean, *ante*, seeking to set aside the judgment by confession, were not judgment creditors of the firm who confessed the judgment, but of another firm not composed of the same persons, though one of the defendants in each of the judgments was the same person, and it was held that they had a right to have the confessed judgment and the execution issued thereunder set aside, so far as they obstructed a levy upon the interest of such member.

The statement for the confessed judgment, mentioned in Seligman *v.* Franco-American Trading Co., 53 Hun, 629, was for an indebtedness stated to be owing to the plaintiffs for professional services as the defendants' attorneys and counsel, which barely complied, if it did indeed comply, with what has been directed to be stated in it, to render it legal and regular, by subdivision 2 of section 1274 of the Code. The receiver of the debtor, subsequently appointed at the suit of a judgment creditor, after endeavoring to obtain a further statement disclosing the justice of the amount allowed by the judgment, applied to vacate or set aside the judgment; and it was held that he was entitled, on motion, to a reference to investigate the justness of the amount for which the judgment was confessed, and if the amount has been overcharged, to a reduction of the judgment accordingly.

In Abegg *v.* Schwab, 56 Hun, 644, it was held that the fact that the judgments were confessed for *bona fide* debts did not exclude a fraudulent intent on the part of a debtor to defraud his creditors. In this case, the judgments were confessed for honest debts, but afterwards used to keep the creditors at arm's length, and to enable the debtor, without being harassed by such creditors, to retain his property and sell it at leisure for his own benefit, and it was held that such use of them stamped them as fraudulent as to the other creditors.

Where there is included intentionally in a judgment by confession more than is actually due, such judgment is void, not to the extent of the fraud only, but wholly, according to the provisions of the statute as to fraudulent conveyances. Simons *v.* Goldbach, 56 Hun, 204. So, a confession of judgment which states a debt not due to be due, and includes it as actually due in the judgment, and which is part of a scheme to hinder, delay and defraud creditors, cannot be sustained as to the part honestly due, but is absolutely void, though the judg-

ment creditor may not be cognizant of the fraud. Id. It is only *bona fide* purchasers for value who are protected by their own good faith, and a judgment debtor does not stand in that relation toward his judgment creditors. Id.

*Amendment of Statement and Confession.*—The supreme court has the power to amend the statement and confession of judgment, and possesses a jurisdiction of the same kind with that which it exercises in relieving against defaults and slips in practice. Union Bank *v.* Bush, 36 N. Y. 631.

The court may, no doubt, amend the judgment and execution if an honest mistake has been committed as to the amount, but not where the confession was not made, in good faith, by the judgment debtor, though the plaintiff in the confession acted *bona fide* in taking and entering the judgment. Simons *v.* Goldback, *ante.*

In Mitchell *v.* Van Buren, 27 N. Y. 300, a subsequent judgment debtor made a motion to set aside judgments confessed by his debtor under section 383 of the former Code, on the ground of the insufficiency of the statements, and the court of original jurisdiction was held to have power to allow an amendment, to support the judgments, by subjoining to them new and verified statements, setting forth the facts more specifically.

The court can in its discretion permit a defective statement to be amended *nunc pro tunc.* Combs *v.* Bowen, 20 W. Dig. 57. But such amendment, which would sustain the priority of the judgment entered thereon, as against subsequent valid judgments, was, under the circumstances of this case, refused. Id. The note, which was the basis of the judgment, was executed the day before the confession, in settlement of a debt claimed to be due from parent to child for services and for money loaned, and was antedated. At this time an action by an administrator was pending against the parent, in which a judgment was subsequently entered. The court refused, under the circumstances, to allow the amendment to be made *nunc pro tunc,* so as to prejudice the rights of the administrator, and held that the latter's judgment was entitled to priority.

So, it has power, on motion, to amend a statement of confession, where it is established upon the hearing that the plaintiff has a just and valid debt against the defendant for the amount of the judgment, and that the omission to prepare the statement in compliance with the requirements of section 1274 of the Code, arose from the mistake and inadvertence of his attorney. Symson *v.* Silheimer, 40 Hun, 116. Mitchell *v.* Van Buren, *ante;* Ingram *v.* Robins, 33 Id. 409; Union Bank *v.* Bush, *ante.* The terms, if any are imposed as a condition of granting relief by allowing the statement to be amended, are to be determined by the facts and circumstances as they are made

to appear in each case. Symson *v.* Silheimer, *ante.* The court may allow an amendment of the statement to be made *nunc pro tunc*, and thus preserve a priority of lien over subsequent incumbrances, or it may impose as a condition of allowing the amendment that the lien of the judgment shall be subordinate to outstanding incumbrances. Id. In this case, the order allowing the amendment deferred the lien of the plaintiff's judgment to that of the existing judgment creditors as to certain real estate of the judgment debtor.

In National Park Bank *v.* Salomon, reported above, and 17 N. Y. C. P. 8, it was held that a confessed judgment may be amended by the correction of the statement on which it was rendered, when the same fails to comply with section 1274 of the Code, where the debt for which the judgment was confessed was justly due, though subsequent judgment creditors may thus be deprived of rights which they would otherwise have had.

*Execution.*—Section 1277. Where the debt, for which the judgment is rendered, is not all due, execution may be issued, upon the judgment, for the collection of the sum which has become due. The execution must be in the form prescribed by law, for an execution upon a judgment for the full amount recovered; but the person, whose name is subscribed to it, must endorse thereupon a direction to the sheriff, to collect only the sum due, stating the amount thereof, with interest thereon, and the costs of the judgment. Notwithstanding the issuing and collection of such an execution, the judgment shall remain, as security for the sum or sums to become due, after the execution is issued. When a further sum becomes due, an execution may, in like manner, be issued for the collection thereof; and successive executions may be issued, as further sums become due.

Section 1277 of the Code provides that when the debt for which the judgment is rendered is not all due, the execution must be in the form prescribed by law for an execution upon a judgment for the full amount recovered, but the person whose name is subscribed to it must indorse thereupon a direction to the sheriff to collect only the sum due, stating the amount thereof. An execution was issued, in National Park Bank *v.* Solomon, reported above, 17 N. Y. C. P. 8, on such a judgment, with a direction to collect the whole amount, and it was set aside as to the amount not yet due, on motion of a subsequent execution creditor. Nor will an agreement after the entry of judgment, and without any amendment of the statement on which it was rendered, to the effect that the whole debt should then become due, authorize the issue of an execution for the whole amount of the judgment, when the statement shows that only a portion is due. Id.

In Jaffray *v.* Saussman, 52 Hun, 561; 17 N. Y. C. P. 1, an execu-

tion was issued under section 1277 of the Code, but was indorsed in disregard of the provisions of that section, with a direction to the sheriff to collect more than the amount actually due, and it was held to be competent for a subsequent execution creditor, in a direct proceeding for that purpose, as by motion, to attack the execution for invalidity, so far as it directs the sheriff to collect anything in excess of the sum presently due on prior judgment. In such case, the court will order an amendment of the execution issued upon the confessed judgment, so as to permit the sheriff to collect thereunder only the sum actually due on the judgment under which it was issued, at the time the judgment was confessed. Id.

The provisions of section 1277 of the Code, which provides that, in a case where the whole amount of a confessed judgment is not due, and execution is issued in the first instance only for a portion thereof, the judgment shall remain as security for the sum or sums becoming due after the execution is issued, does not make the judgment a lien upon the personal property of the defendant in the meantime, as well as upon his real estate. Jaffray *v.* Saussman, *ante.* Such judgment is a security to just the same extent as any other judgment for a like amount would be upon which no execution had as yet been issued.

*Joint debtors.*—Section 1278. One or more joint debtors may confess a judgment for a joint debt due or to become due. Where all the joint debtors do not unite in the confession, the judgment must be entered and enforced against those only who confessed it; and it is not a bar to an action against all the joint debtors, upon the same demand.

Previous to the present Code, no judgment could be entered against joint debtors, on a confession of one of them. Tripp *v.* Sanders, 59 How. 379; Stoutenburgh *v.* Vanderburgh, 7 Id. 229; Everson *v.* Gelerman, 10 Id. 301. So, under the present Code, a judgment cannot be confessed by one of several joint debtors, so as to be entered against all, or bind those who do not join in the confession. Tripp *v.* Saunders, *ante.* Section 1278 neither authorizes the judgment in form to be entered against the defendants not served, nor the seizure thereunder of the joint property. Id.

Where the holder of a joint promissory note took judgment by confession, prior to the enactment of section 1278 of the present Code, for the whole amount against one of the makers, it was held in Candee *v.* Smith, 93 N. Y. 349, that the liability of the other makers was discharged by the judgment. See Robertson *v.* Smith, 18 John. 459; Pierce *v.* Kearney, 5 Hill, 85; Oakley *v.* Aspinwall, 4 N. Y. 542; Suydam *v.* Barber, 18 Id. 470; Ehle *v.* Bingham, 7 Barb. 494; Olmstead *v.* Webster, 8 N. Y. 413. But the adoption of section 1278 of the Code has changed this rule by enacting that a judgment by confession against

Note on Judgment by Confession.

one joint debtor shall not bar a subsequent action against other parties who are liable upon a joint obligation. Harbeck *v.* Pupin, Court of Appeals, Oct 7, 1890. In this case, it was held that the Code had so far abrogated the rule of the common law that a judgment confessed by the surviving partners is no bar to an action against the executors of the deceased partner, who died since the confession of judgment.

*Confession for tort.*—A judgment by confession in favor of an infant for a cause of action on tort, without the appointment of a guardian *ad litem,* was set aside, in Wood *v.* Mitchell, 53 Hun, 451, on the motion of a subsequent judgment creditor, though the appointment of a guardian *ad litem* was obtained after the latter judgment and entered *nunc pro tunc,* as of the date of the statement of the confessed judgment. So, in Wood *v.* Mitchell, Id., 637, where the facts were the same except that the question of infancy, and the failure to appoint a guardian *ad litem,* were not involved, and it was held, as in the former case, that there can be no confession of judgment for a tort.